## ·William Doyle v. Linus Howard.

*Foreclosure by advertisement: Void sale.* Upon a foreclosure by advertisement, the failure to execute and deposit the deed, or any affidavit of the facts of the sale with the register of deeds, until after the expiration of one year from the time of sale, renders the foreclosure and sale invalid.

*Heard October 20th. Decided November 12th.*

Error to Washtenaw Circuit.

This action was originally brought before a Circuit Court commissioner—under the "Forcible entry and detainer act"—to recover possession of certain real estate which had been foreclosed by advertisement.

Judgment was rendered for the plaintiff below. An appeal was taken by defendant to the Circuit Court, and the judgment reversed.

The case comes up to this court on error.

*Felch & Grant,* for plaintiff in error.

*B. F. Granger,* and *C. A. Stacy,* for defendant in error.

1. When lands are taken under a statute authority in derogation of the common law, every requisite of the statute having the semblance of benefit to the owner must be strictly complied with.—2 *Hill. on Mortg.* 45; 7 *Hill,* 434; 2 *Doug.* (*Mich.*) 374.

The statutory proceedings being *ex parte* must conform in all matters to the conditions expressed by the Legislature.— *Lee v. Mason,* 10 *Mich.* 403.

The title of the plaintiff in error, if he has any, is derived, not from any grant, nor from any decree of a competent court, in which all the parties interested have had an opportunity to be heard, but from the force and operation of a statute enacted and asserted in opposition to the common law, and which, to say the least, may possibly, in its operation, divest the title of the mortgagor entirely without

his knowledge. And it seems but common justice that the purchaser should be required to show himself clearly within the statute in every particular, and that nothing should be presumed in his favor.

2. A reference to the statute will show that in place of actual notice to the mortgagor, there was required by the law public notices to be given.

*a.* By publishing for 12 weeks a notice of the time and place of sale, containing certain things. — 2 *Comp. L. p.* 1364, § 3.

*b.* By *forthwith* executing and delivering to the purchaser a deed containing, among other things, a description of the premises sold, and the price which each parcel sold for, and by depositing the same with the register of deeds. 2 *Comp. L. p.* 1365, § 5185.

On the performance of these conditions, the effect of an actual notice is given, and the equity of redemption is barred as by a foreclosure in equity.

The object of both these provisions is to give notice to the mortgagor, or at least to make it probable that before the time of redemption should expire, the mortgagor would have *such notice* of the proceedings as would enable him to pay the mortgage before sale, or redeem from the sale after it had taken place. The fact of the deed reciting the sale, and the sum for which the land sold, being on file with the register, would be more likely to give the party actual notice than the publication in a newspaper, and in case the notice was published in a paper of little circulation, or remote from the residence of the mortgagor, no actual notice would be likely to be given by publication in a paper; while the deed in the register's office would be likely to be seen, and thus give actual notice to the party interested.

But the greatest benefit arising to the owner of the land from the filing of the deed, is that by the deed the owner can fix the amount of the bid, and the register can settle upon the amount necessary to be paid him, in order to redeem.

DOYLE *v.* HOWARD.

By the provisions of the statute, when the mortgage was made, the mortgagor, or his assigns, were entitled *for a full year after the sale, to redeem at the register's office,* by paying the amount of the bid and the interest to the register. This statute became, and was a part of the contract, and by the neglect to execute and file the deed, not only is the owner prevented from redeeming at the register's office, but he has no certain means of ascertaining the amount of the bid.— See 10 *Mich.* 403.

Even had the owner of the land, at the time of the foreclosure, seen the notice of the time and place of sale as published in the paper, still, if there was no deed filed, he had the right to suppose that in fact no sale had ever been made.

All the authorities show that a failure to publish the notice for the full term allowed by law, renders the sale void — though in fact the defendant had actual notice.

There is more reason why the failure to file the deed should render void the sale, because not only the owner is deprived of notice in one of the forms provided by law, but also because he is deprived of a reliable means of knowledge given him by law, and also deprived of the right to redeem by payment to the register — the only place, in case of the absence of the purchaser, where the owner could redeem at all.

If a defective deed on file would render the sale invalid, certainly the entire absence of a deed from the files, and the non-execution of a deed would have that effect.— 15 *Mich.* 45.

CHRISTIANCY J.

This case presents the single question, whether upon a mortgage foreclosure, by advertisement under the statute, the failure to execute and deposit the deed, or any affidavit of the facts of the sale with the register of deeds, until after the expiration of one year from the time of sale, renders the foreclosure and sale invalid. The deed in this case

was not executed by the sheriff until one year and six days after the sale, and was recorded four months and twenty-five days after it was executed; and it does not appear that any affidavit of the facts connected with the sale was ever filed, recorded or made.

The right to foreclose and sell by advertisement depends wholly upon the statute, and is confined to mortgages containing a power of sale (*Comp. L. ch.* 157, § 1). The sale, though made by the sheriff, is still a sale under the power, which refers to the statute for the mode of its execution. The whole proceeding is *ex parte*, and not judicial. The statute does not require personal notice of the foreclosure and sale, but substitutes publication as constructive notice. The title of the mortgagor and his assigns may be divested without ever receiving any actual notice. It is, therefore, essential to the rights of the mortgagor and those claiming under him subsequent to the mortgage, that all the safeguards which the statute has provided for the protection of their rights should be substantially observed. And every step of the proceeding which the statute has provided for divesting their title, and the observance of which the court can see might operate as a protection to their rights, must be considered as inserted for that purpose, and for their benefit, so far as it may thus operate, and not merely as directory, or to be dispensed with, without their consent.

By the 9th section of the chapter above cited the sheriff is required, "forthwith to execute and deliver to each purchaser a deed of the premises bid off by him, specifying therein, as the consideration of such deed, the precise amount for which such parcel was sold, and shall indorse thereon the time when such deed will become operative, in case the premises are not redeemed according to law, and shall deposit the same with the Register of Deeds of the county in which the land is situated."

By section 10, if the premises shall not be redeemed within the time limited for redemption "such deed shall

thereupon become operative and may be recorded, and shall vest in the grantee therein named, his heirs or assigns, all the right, title and interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter." This is the only mode provided in the statute for vesting the title in the purchaser, and certainly, under this section, it cannot well be claimed that any legal title vests in the purchaser without deed, and by force of the purchase at the sale alone.

By the eleventh section, "If the mortgagor, his heirs, etc., shall within one year from the time of such sale, redeem the premises sold, or any distinct lot or parcel thereof, separately sold, by paying to the purchaser, his executors, etc., *or to the Register of Deeds in whose office such deed is deposited*, for the benefit of such purchaser, the sum which was bid therefor with interest from the time of sale, at the rate of ten per cent. per annum, then such deed shall be void and of no effect."

Sec. 12. "Upon the payment of the sum bid for any parcel at such sale, and interest thereon, as aforesaid, *to the Register of Deeds in whose office the deed therefor shall have been deposited*, or upon delivering to such register a certificate signed and acknowledged by the person entitled to receive the same, and certified, etc., setting forth that such sum, with the interest, has been paid to such person, such register shall thereupon destroy such deed and shall enter in the margin of the record of such mortgage, if recorded in his office, a memorandum that such mortgage is satisfied."

There is some apparent discrepancy in the ninth section, in requiring the officer "forthwith to execute and deliver the deed to the purchaser," and also to deposit the same deed with the register. But this discrepancy is apparent only; since under this section a delivery to the register would doubtless satisfy the requirement of a delivery to the purchaser. And if this be not so, and an actual delivery to the purchaser is required, then such delivery must

16 MICH. — S.

be considered as imposing upon the purchaser the duty of handing it over to the register; and such delivery by him to the register must be considered as a delivery by the sheriff to the register, the purchaser acting as the mere agent or servant of the sheriff in making the deposit.

But it is manifest from the tenth, eleventh and twelfth sections, that among the purposes to be subserved by the deposit of the deed with the register, one of the most important was to enable the mortgagor and those claiming under him to redeem the premises, by paying the amount to the *register*, without the necessity of hunting up the purchaser. And without the deed (especially where no affidavit had been filed or recorded showing the facts and circumstances of the sale), the register could not ascertain the amount and would have no warrant or authority to receive it. Whether the recording of the affidavits referred to would give him that authority we need not decide, though it is clear these would not constitute *the* proof which the statute has provided for his action. But secondly, the deposit and filing of the deed give to the mortgagor and others interested an opportunity of ascertaining in the most authentic manner, whether the mortgage has been foreclosed, and, if sold, the amount bid and the sum required to redeem, without the necessity of watching the newspapers, or inquiring who made the sale, or its amount.

The officer who made the sale may be absent or dead, or difficult to be found, or, if found, may not have preserved any written memorandum, and may have forgotten the facts. And it is remarkable that this deed, thus required to be executed and deposited, is in fact the only written evidence of the sale required by the statute to be executed or preserved by any one. The statute authorizes, but does not require the making and recording of an affidavit by the person making the sale, which, if so made and recorded, is to be *prima facie* evidence. And, though a mortgagor may have seen a notice of foreclosure and sale in the newspaper,

yet, if, some time after the day fixed for the sale, he should, on inquiry, find that no deed had been deposited with the register, he might very properly infer that the proceeding had been abandoned without being perfected by a sale.

The rights thus secured to the mortgagor by the provisions in reference to the deed and its deposit with the register, are *substantial rights*, of which he would be deprived by the omission to execute and deposit the deed, as required by the statute. We must, therefore, hold the provisions of the statute, so far as they relate to the execution and deposit of the deed, to be mandatory, and not merely directory. Doubtless that provision which requires the officer to "endorse upon the deed the time when the deed will become operative, in case the premises are not redeemed according to law," might, within the general current of decisions, be held directory merely; as this indorsement gives no information which the law itself does not give when applied to the contents of the deed. But this point is not before us.

None of the authorities cited by the counsel for the plaintiff in error, will be found, when examined in connection with the statute to which they relate, to conflict with the conclusion at which we have arrived.

We do not mean to assert that the foreclosure would be void, by reason of the deed not being executed and deposited on the very day of the sale, or within a few days thereafter. But we confine our opinion to the case where no deed has been executed or deposited until after the expiration of a year from the day of sale. In such a case we entertain no doubt the sale should be treated as invalid for any purpose of conveying the title.

We see no reason to doubt that, if the officer making the sale should refuse to execute and deposit the deed forthwith as required, the purchaser would be entitled to a mandamus to compel him to perform this duty. And, doubtless, the mortgagee or his assignee foreclosing the mortgage would be entitled to the same remedy; certainly where, as in this

case, he was himself the purchaser also. The whole proceeding was for his own benefit; and he is, to some extent, responsible for the failure of the officer, and should have promptly resorted to his remedy.

And if the officer, under a mandamus applied for in due season, should execute the deed and deposit it some time after the sale, it might perhaps be proper to hold that the time of redemption was not thereby extended to a year from the time of depositing the deed; especially, if the mortgagor or his assigns had been promptly notified of the facts of the sale, and of the remedy adopted to procure the deed. But upon this we give no opinion, as the question is not in the case.

The judgment must be affirmed, and the defendant in error must recover his costs in both courts.

CAMPBELL and COOLEY JJ. concurred.

MARTIN CH. J. did not sit.