## DAVID LILLY v. GIDEON GIBBS.

*Time for redemption from sale on foreclosure at law.*

The sheriff's deed on foreclosure at law should be filed immediately
after sale, and where this is done without unreasonable delay,
the year for the redemption of the premises runs from the date
of the filing. Comp. L., § 6920.

Appeal from Cass.      Submitted October 9 and 10.
Decided October 22.

BILL TO SET ASIDE FORECLOSURE proceedings, and to
redeem. Defendant appeals.

*Spafford Tryon* for complainant. A sale on fore-
closure at law is not complete until the deed is executed
and delivered, *Mowry v. Sanborn*, 68 N. Y., 160; *Arnot
v. McClure*, 4 Den., 45; *Stout v. Keyes*, 2 Doug. (Mich.),
184; *Doyle v. Howard*, 16 Mich., 265; *Gorham v. Wing*,
10 Mich., 486; *Lee v. Mason*, id., 403; *Cohoes Company
v. Goss*, 13 Barb., 146; the object of depositing the deed
with the register, as required by Comp. L., § 6920, is to
allow redemption from the sale, and give notice that the
mortgage has been foreclosed, and the statute contem-
plates that it shall be deposited for a whole year, *Ives
v. Lynn*, 7 Conn., 504; *Reeds v. Morton*, 9 Mo., 878; the
purchaser is responsible for the consequences of delay
in filing the deed, *Frost v. Beekman*, 1 Johns. Ch., 300;
*Phillips v. Hollister*, 2 Coldw., 269; equity can relieve
against a mistake of the officer to whom the redemption
money is to be paid, Cooley on Taxation, 365; *Bubb v.
Tompkins*, 47 Penn. St., 359; *Price v. Mott*, 52 id., 315;
*Dietrick v. Mason*, 57 id., 40; *Noble v. Bullis*, 23 Ia., 559;
*Van Benthuysen v. Sawyer*, 36 N. Y., 150.

*F. J. Atwell* for defendant. Equity will not entertain
a bill to extend the time for redemption from a fore-
closure sale, *Cameron v. Adams*, 31 Mich., 426.

GRAVES, J. This bill was filed in January, 1875, to set aside proceedings for the foreclosure of a mortgage under the statute, and for redemption. A decree was given for complainant and the defendant appealed.

On the 9th of May, 1857, Noel B. Hollister and wife mortgaged the premises to defendant for $500 and afterwards and on the 2d of December, 1868, they again mortgaged them except a strip of two feet, to complainant, and in the forepart of 1873 this mortgage was foreclosed at law and the premises were purchased thereon by complainant. He went into possession. No question is made concerning these proceedings. The controversy relates to the first mortgage. In October, 1873, defendant commenced proceedings at law to foreclose it and claimed in his notice that the sum of $71.93 was due. The first publication was made October 16 and the premises were struck off on the 9th of January, 1874, for $113.44 to defendant. No deed was made until the 13th of January, four days afterwards, and it was then placed on file in the register's office. It had an endorsement by the sheriff that it would become operative in one year from the 9th day of January, 1874, unless the premises should be redeemed.

This delay in making and filing the deed gives rise to a question of much difficulty. It was certainly an irregularity which was very apt to mislead and make trouble. The statute is express that the deed shall be executed, delivered and deposited in the register's office forthwith. The amount bid as the consideration is to be inserted and the time when it will be operative is to be endorsed. Comp. L., § 6920. The regulation is one of importance.

New and peculiar relations, rights and duties arise on the completion of the sale, and the statute appears to intend that the giving and depositing the proper deed shall be incidents of the sale and the regular acts to consummate it. No other writing is provided for as a contemporary memorial of the proceeding. Until the sale

redemption must be had against the mortgage, but after that, it is required to be from the sale. The law does not contemplate any suspension of the right to redeem, and supposes that a state of things is in constant existence in which redemption would be practicable.

Prior to the sale the application must be to the party. He is then to accept payment and redemption, and stringent regulations are provided to compel satisfaction in case of valid tender. § 4246. The matter remains in private hands and no officer is authorized or required to adjust and receive redemption.

As soon, however, as the sale is completed, new conditions arise. New rights and duties attach immediately. No provision is made for a state of things involving the rights and duties applicable before and after sale in any promiscuous way. As soon as the sale occurs, the register may be applied to for redemption against it. No delay seems to be provided for. The right is absolute, and no one entitled can be regularly prevented, and the facts may be such as to make it very important.

So long as the deed is not given, the full right to redeem against the sale provided by the statute is impracticable. The register cannot act because he has nothing before him to authorize or require him to do so and nothing on which he can act.

The present case illustrates somewhat the mischief to arise from substantial departures from the statute. The fact of striking off the property occurred on the 9th of January. The deed was not made and filed until the 13th of January. According to the theory and claim of the defense, the tenth, eleventh and twelfth days next after the property was struck off were part of the redemption year and covered time when as matter of law the complainant was entitled to redeem at the register's office and against the sale. And yet in fact, as conceded, the neglect on the part of the agencies resorted to by the defendant to execute the power of sale ren-

dered it impossible to effect redemption through the register on either of those days.

Finally, the disagreement between the date of the striking off of the property and the date of the execution and filing of the deed, misled the register and materially helped to bring on, if it did not wholly cause, this expensive controversy. The defendant insisted that the space between the act of striking off the property and the deposit of the deed must be deemed a part of the redemption year, and consequently that on the arrival of January 9th, 1875, the right to redeem was terminated, and the register, although of a contrary opinion until the expiration of that time, was actually brought by defendant to accept his view. Moreover, complainant had repeatedly applied to the register and had been constantly instructed by him that the time would run until the 13th of January, being a year from the deposit of the deed. This advice seems to have been confided in, and in fact complainant offered redemption to the register between the 9th and 13th of January, 1875, and was refused. The door was in fact closed against amicable redemption.

The reasonable view to take of the statute is that it regards the execution and deposit of the proper deed as the consummation of the sale, and as marking the true time, when there is no unreasonable delay, for the commencement of the redemption year, and the time for dating the beginning of the period in the certificate for the deed to become operative. Still we are not to be understood as saying there may not be so long delay in filing the deed as to render the whole proceeding, as one of foreclosure, void. In the present case complainant was deprived of his right to redeem whilst the time was still current therefor.

The remaining question relates to the amount to be paid as a condition of redemption, and only a few words are needed upon it. The result depends upon deductions from a mass of memoranda, numerous depositions,

often *obscure and conflicting and covering the transactions* of a number of years. The parties appear to have been at variance and their accounts concerning their affairs are discordant. Very precise results are unattainable. The defendant claimed there was due him on the mortgage at the date of his notice, October 16, 1873, the sum of $71.93, being the amount inserted in his notice. The circuit judge found that this claim was excessive and that there was behind at the date of the notice only $35.33. The complainant acquiesced in this determination. The difference is only $36.60, and an examination of the record has convinced us that this allowance by the circuit judge is as nearly accurate as we can make it.

The final result is that the decree should be affirmed with costs.

The other Justices concurred.