## MILLS *v.* JIRASEK.

1. MORTGAGES — FORECLOSURE BY ADVERTISEMENT — RECORDING OF SHERIFF'S DEED—STATUTES.

   Provisions of statute as to time of recording sheriff's deed following foreclosure by advertisement *held,* directory, not mandatory (3 Comp. Laws 1929, § 14433).

2. SAME—DELAYED RECORDING—DAMAGE TO MORTGAGOR—ESTOPPEL.

   Former mortgagor, defendant in suit to quiet title *held,* estopped to question validity of plaintiff's deed from sheriff recorded 94 days after expiration of 20 days allowed by statute, where mortgagor made no effort to redeem within period of redemption as computed from actual deposit of deed for record and showed no damage suffered as a result of the delay (3 Comp. Laws 1929, § 14433).

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted April 12, 1934. (Docket No. 95, Calendar No. 37,753.)    Decided June 4, 1934.

Bill by Clara Mills against Charles Jirasek to quiet title to lands. Decree for plaintiff. Defendant appeals. Affirmed.

*James H. Lynch,* for plaintiff.

*Schmalzriedt, Frye, Granse & Frye (James F. Murray,* of counsel), for defendant.

BUSHNELL, J.   Plaintiff filed a bill to quiet title to certain lands in West Bloomfield township, Oakland county, Michigan, to which she claimed title by sheriff's deed.   The deed was executed May 23, 1931, following a mortgage foreclosure by advertisement, but was not deposited with the register of deeds until September 14, 1931.   Defendant made no attempt to redeem from the sale, but refused to recognize its validity because of plaintiff's failure to record the deed within 20 days from the date of sale.   The instant suit was not commenced until the time for redemption had expired, as computed from the date of deposit of the deed.   Defendant filed a cross-bill asking that he be declared the owner in fee simple of the premises.   The court held the sheriff's deed valid and forever barred appellant from asserting or claiming any interest in and to said lands, or any part thereof.

The applicable part of 3 Comp. Laws 1929, § 14433, reads:

"Such deed or deeds shall, as soon as practicable, and within twenty days after such sale, be deposited with the register of deeds of the county in which the land therein described is situated, and the register shall indorse thereon the time the same was received, and for the better preservation thereof, shall record the same at length in a book to be provided in his office for that purpose, and shall index the same in the regular index of deeds."

The 20-day provision was inserted in the statute by Act No. 152, Pub. Acts 1875.   The former law required that the officer or person making the

sale should "forthwith * * * deposit the same with the register of deeds of the county in which the land is situated."

In order to determine the validity of the sheriff's deed, we must decide whether the statute is mandatory or directory, and if directory, whether defendant is estopped to attack the validity of plaintiff's deed. Appellant claims Judge CHRISTIANCY's opinion in *Doyle* v. *Howard,* 16 Mich. 261, is controlling, and that since 1867 it has never been questioned in our subsequent decisions. Appellee contends, however, that Judge CHRISTIANCY in *Doyle* v. *Howard, supra,* departed from the rule he stated in *Johnstone* v. *Scott,* 11 Mich. 232, and that the subsequent decisions of this court have followed *Johnstone* v. *Scott, supra,* rather than *Doyle* v. *Howard, supra.*

*Johnstone* v. *Scott, supra,* was an action of ejectment in which plaintiff questioned the validity of a recorded sheriff's deed to which was attached a certificate incorrectly stating that the conveyance became absolute in one year. The statute then in force allowing two years for redemption, the defendant made no attempt to redeem and the court held the foreclosure valid and the statute directory in so far as it pertained to the certificate, stating, however, that the erroneous indorsement could not alter the legal period of redemption.

In *Doyle* v. *Howard, supra,* also a foreclosure by advertisement, the court held the foreclosure and sale invalid because of the sheriff's failure to execute and deposit the deed or any affidavit of the facts of the sale with the register of deeds, until after the expiration of more than a year from the time of sale. Justice CHRISTIANCY there said:

"The whole proceeding is *ex parte,* and not judicial. * * * It is, therefore, essential to the rights of the mortgagor and those claiming under him

subsequent to the mortgage, that all the safeguards which the statute has provided for the protection of their rights should be substantially observed. And every step of the proceeding which the statute has provided for divesting their title, and the observance of which the court can see might operate as a protection of their rights, must be considered as inserted for that purpose, and for their benefit, so far as it may thus operate, and not merely as directory, or to be dispensed with, without their consent. * * *

"And, though a mortgagor may have seen a notice of foreclosure and sale in the newspaper, yet, if, some time after the day fixed for the sale, he should, on inquiry, find that no deed had been deposited with the register, he might very properly infer that the proceeding had been abandoned without being perfected by a sale.

"The rights thus secured to the mortgagor by the provisions in reference to the deed and its deposit with the register, are substantial rights, of which he would be deprived by the omission to execute and deposit the deed, as required by the statute. We must, therefore, hold the provisions of the statute, so far as they relate to the execution and deposit of the deed, to be mandatory, and not merely directory."

After the foregoing language describing the provisions of the statutes as mandatory, the learned judge qualified his holding and pointed out that:

"We do not mean to assert that the foreclosure would be void, by reason of the deed not being executed and deposited on the very day of the sale, or within a few days thereafter. But we confine our opinion to the case where no deed has been executed or deposited until after the expiration of a year from the day of sale. In such a case we enter-

tain no doubt the sale should be treated as invalid for any purpose of conveying the title.''

It may be that this decision, which was written while the earlier statute requiring that the deed be deposited ''forthwith'' was in full force and effect, influenced the amendment to the statute in 1875.

The trial court, in its opinion in the instant case, quoted from *Perkins* v. *Keller,* 43 Mich. 53, in support of the contention that a failure to observe with exactitude the provisions of the statute with regard to the deposit of deeds does not necessarily invalidate so long as no injury has resulted to the mortgagor and he has not been hampered in any effort to redeem. The deed in the *Perkins Case* was not filed until 20 days after the sale, and the court said on the question of delay:

''Upon the first point we think the objection is not well taken. We have held in *Lilly* v. *Gibbs,* 39 Mich. 394, that the time of redemption in such a case does not begin to run until the deed is filed. In *Doyle* v. *Howard,* 16 Mich. 261, and *Grover* v. *Fox,* 36 Mich. 461, the delay was such as to destroy all the purposes of the statute. But it was suggested in *Doyle* v. *Howard,* that a brief delay, while it might subject the sheriff to a mandamus requiring him to perform his duty, ought not to entirely destroy the foreclosure. It does not seem to us reasonable to regard the delay of 20 days as of itself enough to subject the purchaser to any other loss than the extension of the right of redemption for that period.''

Both this and the *Lilly Case* are authority for the view that the provisions of the former statute were not mandatory.

The statute was amended and now provides a reasonable time (20 days) after sale during which the

deed may be filed. Has the rule been changed by the 1875 statutory enactment? In speaking of statutory foreclosures, Justice Campbell said in *Reading* v. *Waterman,* 46 Mich. 107, decided in 1881:

"The statutes regulating them are made to enlarge and not to cut down the rights of mortgagors. Before such statutes were passed, sales made under a power of sale contained in a mortgage were governed by the same rules applicable to sales under any other power, and courts in the absence of statutes have never applied to such powers any such technical rules as would impair the security of purchasers. The power is part of the contract, and should be construed on principles applicable to contracts, and not as a hostile process.

"The statutes were intended to prevent surprise or unfairness, and they should be enforced in everything substantial. Courts cannot disregard any of their positive provisions. But on the other hand those provisions cannot be enlarged or unreasonably construed so as to render mortgage sales unsafe, or to make bidding hazardous. The law was designed to encourage and not to destroy recourse to these simple and cheap remedies; and while no substantial right should be disregarded, substantial regularity is all that should be held imperative."

Has there been a substantial compliance with the statute? *Lau* v. *Scribner,* 197 Mich. 414. Standing alone, a deed recorded over 90 days after the expiration of the 20 days allowed by statute might be ineffective to pass title, especially if the rights of the mortgagor were materially affected, and certainly so if the rights of others intervened.

The learned trial judge declared in his opinion:

"Could the defendant show prejudice through the failure to promptly record the deed there would be more force to his claims. He made no effort, how-

ever, following the sale, either within the year granted for redemption, or, within a year from the filing of the deed, to redeem. He makes no tender now of the amount due under the mortgage; neither does he allege a readiness to pay the obligation it secured. Under such circumstances the court ought not to set aside the sale except for a clear failure to comply with some mandatory provision of the statute which prejudiced the mortgagee's rights and operated to destroy the purpose of the statute.''

In this case no showing is made of any damage suffered by the mortgagor as a result of the failure to deposit the deed. If damage had been shown, it seems certain that the appellant would have been entitled to relief, and the sale might have been held invalid. *Grover* v. *Fox, supra.* The query may be made, Where shall the line be drawn if this deed is held valid? When the parties resort to a court of equity, we may, in such case, determine their rights, within the rules, of course, with regard to the particular situation before us.

We see no reason to allow appellant the benefit of a new foreclosure merely because he insists upon a technical and strict construction of the statute. The equities are not with his position. It may be true that appellee, or some one acting for her, has acted inadvertently in the matter, but no harm has been done the parties or anyone claiming through them. The situation appeals to the conscience of the court. We hold that the provisions of the statute as to the time of recording are directory and, under the circumstances of the instant case, defendant is estopped to question the validity of plaintiff's deed.

The decree is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.