*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID M. KESSLER and CORTNEY KESSLER,

Plaintiffs,

and

RIVER AG PROPERTIES, LLC,

Plaintiff-Appellant,

v

LONGVIEW AGRICULTURAL ASSET
MANAGEMENT, LLC,

Defendant-Appellee.

FOR PUBLICATION
January 12, 2023
9:20 a.m.

No. 360375
Muskegon Circuit Court
LC No. 2021-003819-CH

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

In this foreclosure redemption action, plaintiff, River AG Properties, LLC, appeals as of right the underlying order denying plaintiff's motion for summary disposition under MCR 2.116(C)(10) and granting partial summary disposition in favor of defendant Longview Agricultural Asset Management, LLC, under MCR 2.116(I)(2).[1]  We affirm.

---

[1] After the trial court ruled on this motion, defendant moved for summary disposition of the remaining allegations addressing failure to post the appropriate notice and for allowing the sale to occur as one parcel when 14 parcels were at issue.  The trial court granted summary disposition of the remaining claims.  That second ruling is not at issue in this appeal.

# I. BASIC FACTS AND PROCEDURAL HISTORY

On September 14, 2021, father and daughter David M. Kessler and Cortney Kessler[2] filed a complaint seeking to determine an interest in real property in the Township of Montague, County of Muskegon. The Kesslers alleged that they owned and resided on 14 parcels of property known as "the farm," and the property was used for farming. On December 11, 2018, David granted defendant a mortgage against the farm for $525,000. The mortgage was purportedly terminated in light of a foreclosure by advertisement and August 21, 2020 sheriff sale. On that date, the farm was sold to defendant for $724,118.54. The Kesslers claimed that defendant failed to record the sheriff's deed within 20 days of August 21, 2020, as required by statute, and recorded the deed on September 14, 2020. Therefore, the Kesslers asserted that they had until at least September 14, 2021 to redeem the farm, but defendant refused to allow redemption by claiming that any redemption rights expired on August 21, 2021. Although the Kesslers were reportedly ready, willing, and able to redeem the farm under MCL 600.3240, defendant failed to provide a payoff amount for September 14, 2021. The Kesslers contended that they deposited $907,000 into escrow on September 14, 2021, with the county register of deeds (ROD) because of defendant's refusal to recognize the Kesslers's right of redemption and the refusal to provide a payoff amount calculated as of September 14, 2021. The Kesslers alleged that they, in fact, redeemed the farm by paying an amount greater than the redemption into escrow and were the farm owners. The Kesslers raised two counts (1) declaratory action for title to property and (2) accounting, and they sought an order quieting title to the farm in their name and extinguishing any interest of defendant as well as a calculation of the true and accurate redemption amount. Shortly after the complaint was filed, plaintiff alleged that it acquired an ownership interest, specifically a lease with an option to purchase, in the farm from the Kesslers on September 14, 2021. By stipulation of the parties, plaintiff was granted the right to substitute as a plaintiff and file a first amended complaint also seeking declaratory relief regarding title to the property and an accounting.

The Kesslers and plaintiff (collectively plaintiffs) moved for partial summary disposition under MCR 2.116(C)(10). The motion and brief reiterated the factual allegations raised in the complaint. Plaintiff asserted that the period for redeeming the property began on September 14, 2020, the date of recording of the deed, and ended on September 14, 2021. Because the sheriff's deed was not filed on August 21, 2020, but on September 14, 2020, it was claimed that the delay in the deed recording extended the redemption period. On September 14, 2021, plaintiffs purportedly deposited $907,000 with the ROD, an amount in excess of that required to redeem the property, and this resulted in the cancellation of the sheriff's deed under MCL 600.3240. Because the redemption amount was $871,111.46, plaintiff sought a refund of $35,888.51. Plaintiff submitted that caselaw held that the redemption date commenced on the date of the actual recording of the deed. In light of the failure to timely submit the sheriff's deed to the ROD, the redemption period allegedly did not expire until September 14, 2021. Because the amount tendered exceeded the redemption amount, an accounting was requested to establish the refund owed to plaintiffs.

---

[2] For ease of reference, the individual plaintiff David M. Kessler will be referred to as David and Cortney Kessler will be identified as Cortney.

Defendant filed a brief in opposition to the motion for partial summary disposition. Defendant submitted that it was granted a mortgage on the disputed property by David in exchange for a loan of $525,000 on December 11, 2018. However, he never made a single mortgage payment, and the mortgage was foreclosed by advertisement. The sheriff's sale occurred on August 21, 2020, and the sheriff's deed was provided to defendant. This deed expressly stated that the redemption period was one year from August 21, 2020 unless the mortgaged premises and property was redeemed in accordance with Michigan statutes. On August 19-20, 2021, Cortney left a voice mail message and sent emails to defendant's counsel. Cortney noted that the property was in default, that the deadline for redemption was August 21, 2021, and that financing to redeem had not been secured. She inquired if there was a "buy back" option or an extension of the redemption period.

Defendant asserted that on August 21, 2020, the local sheriff's office mailed the deed to the Detroit Legal News, and the newspaper, in turn, sent the sheriff's deed to the ROD. Thus, the sheriff's deed arrived at the ROD on August 27, 2020. However, on September 4, 2020, the Detroit Legal News notified defense counsel that the sheriff's deed was rejected for recording because tax-exempt codes were missing from the deed. Defense counsel further confirmed that the ROD required a transfer tax of $796.95 as a necessity to record the deed. On September 9, 2020, defense counsel sent the Detroit Legal News, by overnight delivery, a check payable to the ROD to resubmit the sheriff's deed for recording. Ultimately, because the sheriff's deed was not recorded until September 14, 2020, plaintiff alleged that the redemption period did not expire until September 14, 2021.

Defendant asserted that summary disposition was appropriate in its favor because the Kesslers did not have standing. Cortney was not within the chain of title, and David lost his interest when he did not redeem the property before the redemption period expired contrary to MCL 600.3236. Moreover, David conveyed any interest to plaintiff through a quitclaim deed. Furthermore, MCL 600.3240(12) governed the period of redemption and expressly provided that it was one-year from the date of sale. Plaintiff relied on MCL 600.3232 that referenced deposit of the sheriff's deed with the ROD as soon as practical or within 20 days. The plain language of the statutes demonstrated that the redemption period was one-year and depositing the sheriff's deed with the ROD did not extend the deadline. The caselaw cited by plaintiff relied on a predecessor statute that was factually distinguishable. Therefore, summary disposition should be denied to plaintiff and granted in favor of defendant under MCR 2.116(I)(2).

Following oral argument on the motion, the trial court ruled that MCL 600.3240(12) expressly provided that the redemption period was one-year from the date of the sale. The trial court rejected plaintiff's position that MCL 600.3232 extended the redemption period, noting that the statute merely required the deposit of the sheriff's deed within 20 days of the sale. The trial court denied summary disposition in favor of plaintiff and granted summary disposition to defendant under MCR 2.116(I)(2). From this ruling, plaintiff appeals.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material

fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021). Summary disposition is appropriately granted to the opposing party under MCR 2.116(I)(2), if the trial court determines that the opposing party rather than the moving party is entitled to judgment. *West Mich Annual Conference of the United Methodist Church v City of Grand Rapids*, 336 Mich App 132, 138; 969 NW2d 813 (2021). To the extent the propriety of summary disposition was premised on a controlling statute, statutory interpretation presents a question of law subject to review de novo. *Id*.

### III. ANALYSIS

On appeal, plaintiff alleges that the failure to timely record the deed from the sheriff's sale extended the date to redeem the property. We disagree.

The rules of statutory construction provide:

We construe a statute in order to determine and give effect to the Legislature's intent. The goal of statutory interpretation is to discern the intent of the Legislature by examining the plain language of the statute. If the language employed by the Legislature is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and this Court must enforce the statute as written. [*Auto-Owners Ins Co v Dep't of Treasury*, 313 Mich App 56, 68-69; 880 NW2d 337 (2015) (citations and quotation marks omitted).]

Additionally, "rules of statutory construction require that separate provisions of a statute, where possible, should be read as being a consistent whole, with effect given to each provision." *Gebhardt v O'Rourke*, 444 Mich 535, 542; 510 NW2d 900 (1994). Where a statute contains both a general provision and a specific provision, the specific provision is controlling. *Id*. at 542-543.

In *Trademark Props of Mich, LLC v Fannie Mae*, 308 Mich App 132, 138-139; 863 NW2d 344 (2014), this Court addresses the import of foreclosure by advertisement:

Foreclosure of a mortgage containing a power of sale is permissible by advertisement, provided the proceedings are instituted in accordance with the foreclosure statutes. "A foreclosure of a mortgage extinguishes it . . . . [A]nd the purchaser becomes the owner of an equitable interest in the mortgaged premises which ripens into a legal title if not defeated by redemption as provided by law." "Statutory foreclosures should not be set aside without some very good reasons therefor." A "strong case of fraud," irregularity, or "some peculiar exigency" is required to set aside a statutory foreclosure sale. [Citations omitted.]

In *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), this Court addressed redemption and the import of the failure to redeem:

Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 51 (1942).

In the present case, the parties dispute the period of redemption in light of MCL 600.3232 and MCL 600.3240. Plaintiff relies on MCL 600.3232 for its argument that it had one-year or until September 14, 2021 to redeem the property. MCL 600.3232 addresses deeds of sale, deposits with the register and entry upon redemption and provides:

The officer or person making the sale shall forthwith execute, acknowledge, and deliver, to each purchaser a deed of the premises bid off by him; and if the lands are situated in several counties he shall make separate deeds of the lands in each county, and specify therein the precise amounts for which each parcel of land therein described was sold. And he shall endorse upon each deed the time when the same will become operative in case the premises are not redeemed according to law. Such deed or deeds shall, as soon as practicable, and within 20 days after such sale, be deposited with the register of deeds of the county in which the land therein described is situated, and the register shall endorse thereon the time the same was received, and for the better preservation thereof, shall record the same at length in a book to be provided in his office for that purpose; and shall index the same in the regular index of deeds, and the fee for recording the same shall be included among the other costs and expenses allowed by law. In case such premises shall be redeemed, the register of deeds shall, at the time of destroying such deed, as provided in section [MCL 600.3244] of this chapter, write on the face of such record the word "Redeemed", stating at what date such entry is made, and signing such entry with his official signature.

However, the plain language of MCL 600.3232 does not support plaintiff's position that the submission of the deed and its recording by the ROD is the dispositive date for determining the commencement of the redemption period. The only part of the statute that addresses the commencement of the redemption period refers to the officer or person making the sale:

The officer or person making the sale shall forthwith execute, acknowledge, and deliver, to each purchaser a deed of the premises bid off by him; and if the lands are situated in several counties he shall make separate deeds of the lands in each county, and specify therein the precise amounts for which each parcel of land therein described was sold. And he shall endorse upon each deed the time when the same will become operative in case the premises are not redeemed according to law. [*Id.*]

This portion of the statute demonstrates that the officer making the sheriff's sale was to prepare separate deeds and specify the amount for which the parcel was sold. Then, the officer was to "endorse upon each deed the time when the same will become operative in case the premises are not redeemed[.]" See *id*. Thus, the only reference to the time period of redemption is to the actions of the sheriff and the endorsement on the deed. The remainder of the statute does address the timeframe for submitting the deed to the ROD and states that it shall be deposited with the ROD within 20 days. The statute, however, contains no remedy for the failure to make the deposit within 20 days. Additionally, the statute then outlines the procedure the ROD must follow to record the deed. And the ROD procedures do not correlate the recording of the deed to the redemption period or state that the recording date becomes the period from which the redemption period runs.

Defendant relies on MCL 600.3240 which expressly addresses redemption periods and contains a one year-period of redemption at MCL 600.3240(11) and (12). The statute provides, in pertinent part:

> (11) Subject to [MCL 600.3238], for a mortgage of property that is used for agricultural purposes, the redemption period is 1 year from the date of the sale.

> (12) If subsections (7) to (11) do not apply, and subject to [MCL 600.3238], the redemption period is 1 year from the date of the sale.

Both MCL 600.3240(11) and MCL 600.3240(12) provide that whether the property at issue is used for agricultural purposes or not, the redemption period is one-year "from the date of sale." The plain language of MCL 600.3240 does not provide it runs from the date of recording at the ROD. *Auto-Owners Ins Co*, 313 Mich App at 68-69.

Plaintiff submits that MCL 600.3232 and MCL 600.3240 deal with the same subject matter, and therefore, must be read *in pari materia*.[3] Reading the two statutes together, plaintiff submits that it is the date of recording by the ROD that determines the period of redemption. We disagree. Rather, when a statute contains both a general provision and a specific provision, the specific provision controls. *Gebhardt*, 444 Mich at 542-543. MCL 600.3232 is a statute of procedure that delineates obligations on the sheriff following the sale, the time for delivery or deposit to the ROD office, and the clerk's responsibility for recording the deed until learning whether the property was redeemed. Although the statute provides that the sheriff places the date of redemption on the deed, MCL 600.3240(11) and (12) expressly provide that the redemption period is one-year from the date of sale. Thus, MCL 600.3240 is the specific statute that governs redemption periods.

---

[3] When analyzing MCL 600.3232 and MCL 600.2340, a prior panel of this Court applied *in pari materia*, to conclude that the redemption period could be extended by MCL 600.3232. See *WW Mich Props v Repokis*, unpublished per curiam opinion of the Court of Appeals, issued September 23, 2014 (Docket No. 316555). Unpublished decisions are not binding precedent. MCR 7.215(C)(1); *Menard Inc v Dep't of Treasury*, 302 Mich App 467, 470 n 4; 838 NW2d 736 (2013). We do not find the *WW Mich Props* decision to be persuasive and decline to adopt it as our own. Rather, the decision is contrary to the plain language of the statutes and the specific provisions of MCL 600.3240(11) and (12).

Nonetheless, plaintiff submits that caselaw supports his position. In *Lilly v Gibbs*, 39 Mich 394 (1878), the disputed property was mortgaged to Noel Hollister and his wife for $500 on May 9, 1857. In October 1873, the defendant commenced foreclosure proceedings and published that $71.93 was due. "[T]he premises were struck off on the 9th of January 1874, for $113.44 to defendant." However, "[n]o deed was made until January 13, 1874, four days later, and then it was placed on file at the register's office." The sheriff endorsed the deed, indicating that it was operative one year from January 9, 1874 unless the premises were redeemed. The parties disputed whether the redemption period commenced on January 9, 1874 or January 13, 1874. Our Supreme Court stated:

> This delay in making and filing the deed gives rise to a question of much difficulty. It was certainly an irregularity which was very apt to mislead and make trouble. The statute is express that the deed shall be executed, delivered and deposited in the register's office forthwith. The amount bid as the consideration is to be inserted and the time when it will be operative is to be endorsed. Comp L, § 6920. The regulation is one of importance.

> New and peculiar relations, rights and duties arise on the completion of the sale, and the statute appears to intend that the giving and depositing the proper deed shall be incidents of the sale and the regular acts to consummate it. No other writing is provided for as a contemporary memorial of the proceeding. Until the sale redemption must be had against the mortgage, but after that, it is required to be from the sale. The law does not contemplate any suspension of the right to redeem, and supposes that a state of things is in constant existence in which redemption would be practicable.

> Prior to the sale the application must be to the party. He is then to accept payment and redemption, and stringent regulations are provided to compel satisfaction in case of valid tender. § 4246. The matter remains in private hands and no officer is authorized or required to adjust and receive redemption.

> As soon, however, as the sale is completed, new conditions arise. New rights and duties attach immediately. No provision is made for a state of things involving the rights and duties applicable before and after sale in any promiscuous way. As soon as the sale occurs, the register may be applied to for redemption against it. No delay seems to be provided for. The right is absolute, and no one entitled can be regularly prevented, and the facts may be such as to make it very important.

> So long as the deed is not given, the full right to redeem against the sale provided by the statute is impracticable. The register cannot act because he has nothing before him to authorize or require him to do so and nothing on which he can act.

> The present case illustrates somewhat the mischief to arise from substantial departures from the statute. The fact of striking off the property occurred on the 9th of January. The deed was not made and filed until the 13th of January.

According to the theory and claim of the defense, the tenth, eleventh and twelfth days next after the property was struck off were part of the redemption year and covered time when as matter of law the complainant was entitled to redeem at the register's office and against the sale. And yet in fact, as conceded, the neglect on the part of the agencies resorted to by the defendant to execute the power of sale rendered it impossible to effect redemption through the register on either of those days.

Finally, the disagreement between the date of the striking off of the property and the date of the execution and filing of the deed, misled the register and materially helped to bring on, if it did not wholly cause, this expensive controversy. The defendant insisted that the space between the act of striking off the property and the deposit of the deed must be deemed a part of the redemption year, and consequently that on the arrival of January 9th, 1875, the right to redeem was terminated, and the register, although of a contrary opinion until the expiration of that time, was actually brought by defendant to accept his view. Moreover, complainant had repeatedly applied to the register and had been constantly instructed by him that the time would run until the 13th of January, being a year from the deposit of the deed. This advice seems to have been confided in, and in fact complainant offered redemption to the register between the 9th and 13th of January, 1875, and was refused. The door was in fact closed against amicable redemption.

The reasonable view to take of the statute is that it regards the execution and deposit of the proper deed as the consummation of the sale, and as marking the true time, when there is no unreasonable delay, for the commencement of the redemption year, and the time for dating the beginning of the period in the certificate for the deed to become operative. Still we are not to be understood as saying there may not be so long delay in filing the deed as to render the whole proceeding, as one of foreclosure, void. In the present case complainant was deprived of his right to redeem whilst the time was still current therefor. [*Id*. at 395-398.]

We conclude that the *Lilly* decision is not applicable to the present case. Since 1878 when the *Lilly* decision was rendered, the foreclosure statutes have been amended many times. In its current form, MCL 600.3240 expressly delineates the time period for redemptions and in MCL 600.3240(12) the general rule is that there is a one-year period of redemption that commences from "the date of the sale." The *Lilly* decision does not provide grounds to reverse the trial court. Instead, the specific time periods of MCL 600.3240 address the uncertainty detailed in *Lilly* and prevent it from recurring.

The parties also dispute the application of *Mills v Jirasek*, 267 Mich 609, 610; 255 NW 402 (1934). In *Mills*, the plaintiff filed a bill to quiet title to lands she claimed as a result of a sheriff's deed. The deed was executed May 23, 1931 after a mortgage foreclosure by advertisement and was not deposited with the ROD until September 14, 1931. The defendant never made an attempt to redeem the property but refused to recognize the validity of the plaintiff's

interest because of the failure to record the deed within 20 days from the date of sale. *Id*. Our Supreme Court declined to grant the defendant relief, stating:

> In this case no showing is made of any damage suffered by the mortgagor as a result of the failure to deposit the deed. If damage had been shown, it seems certain that the appellant would have been entitled to relief, and the sale might have been held invalid. The query may be made, Where shall the line be drawn if this deed is held valid? When the parties resort to a court of equity, we may, in such case, determine their rights, within the rules, of course, with regard to the particular situation before us.

> We see no reason to allow appellant the benefit of a new foreclosure merely because he insists upon a technical and strict construction of the statute. The equities are not with his position. It may be true that appellee, or some[]one acting for her, has acted inadvertently in the matter, but no harm has been done the parties or anyone claiming through them. The situation appeals to the conscience of the court. We hold that the provisions of the statute as to the time of recording are directory and, under the circumstances of the instant case, defendant is estopped to question the validity of plaintiff's deed. [*Id*. at 615.]

We conclude that the *Mills* decision is not determinative of this appeal. In *Mills*, there was no analysis of whether an express period of redemption was governed by statute, such as MCL 600.2340, and the decision was rendered on principles of equity such as estoppel. That is, because the defendant did not seek to redeem the property regardless of the date of redemption, he could not challenge the plaintiff's interest.

As noted, MCL 600.3232 delineates the procedural obligations on the sheriff and the clerk at the ROD. There are no penalties for noncompliance contained within the statute. Moreover, although the sheriff is to write the date for redemption on the deed, there is no indication that it is binding. The statute does not hold that the recording date by the ROD commences the period. Rather, only MCL 600.3240 delineates the commencement for the period and states that it runs from "the date of the sale." MCL 600.3240 is the specific statute and controls over the general procedure delineated in MCL 600.3232. The caselaw cited by plaintiff does not warrant a disposition contrary to the plain language of the statutes.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica