*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASSET VENTURE GROUP, LLC,

       Plaintiff-Appellant,

v

TFHSP, LLC,

       Defendant-Appellee.

UNPUBLISHED
March 2, 2023

No. 359663
Wayne Circuit Court
LC No. 19-012285-CH

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

The Artises originally owned 343 Eason Street in Highland Park, Michigan, but they defaulted on their mortgage and foreclosure proceedings commenced. A sheriff's sale was held and defendant was the highest bidder for the property. The Artises then signed a quitclaim deed for the property to plaintiff after the sheriff's sale, and plaintiff attempted to redeem the property during the redemption period following the sheriff's sale. The trial court granted defendant summary disposition for quiet title. We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

Defendant recorded its sheriff's deed in the register of deeds, and it also recorded an Affidavit of Purchaser to provide notice of the redemption amount. The next day, the Artises executed a quitclaim deed conveying their interest in the property to plaintiff, a company owned by Quinnon Martin who is the Artises' cousin. Two weeks later, Martin paid the redemption amount and signed a "Notice of Redemption in Progress" that stated that Martin "on behalf of" the Artises redeemed the property. Approximately six weeks after Martin paid the redemption amount, plaintiff recorded the quitclaim deed it received from the Artises. This occurred within the statutory redemption period.

Defendant rejected the redemption amount when the redemption period expired because it argued that plaintiff was not a proper redeeming party under MCL 600.3240(1). Plaintiff then sued defendant for quiet title, and defendant argued that the quitclaim deed plaintiff acquired was fraudulent because the Artises did not actually execute the deed.

-1-

Plaintiff moved for summary disposition under MCR 2.116(C)(10), and it argued that defendant's sheriff's deed was void under MCL 600.3240(1) because the redemption amount had been paid to the register of deeds within the statutory redemption period. Plaintiff also submitted an affidavit from one of the Artises who stated that they signed the quitclaim deed.

In response, defendant moved for summary judgment under MCR 2.116(I)(1) and (2), asserting that it was entitled to quiet title by virtue of the sheriff's deed. Additionally, defendant argued that plaintiff could not have redeemed because it did not record the quitclaim deed until after it paid the redemption amount.

The trial court found that under MCL 600.3240(1) there must be a recorded interest before redemption could be valid, and the redemption was void. Further, plaintiff had no interest in the property to redeem because plaintiff paid the redemption amount before recording the quitclaim deed. The trial court granted defendant summary disposition under MCR 2.116(I)(1) and (2).

Plaintiff now appeals.

## II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632. MCR 2.116(I)(2) provides, "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

Plaintiff argues that the trial court erred by considering the attempted redemption void instead of voidable. Our Supreme Court, in *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012), held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*," and, "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [the foreclosure statutes]." *Id*. "To demonstrate such prejudice, [the plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. at 115-116. Thus, parties seeking to set aside a foreclosure sale must show that they were prejudiced by the alleged fraud or irregularity. *Id*. at 115.

Plaintiff has not alleged, however, that there was fraud or irregularity. Instead, the defect noted by the trial court was plaintiff's attempt to redeem the property without first recording its interest in the property. Thus, the trial court's ruling regarding the statutory requirements of redemption would not make the alleged redemption voidable under *Kim*, and plaintiff's argument is without merit.

Next, plaintiff argues that defendant did not have standing to challenge the validity of the quitclaim deed. "The purpose of the standing doctrine is to assess whether a litigant's interest in

the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (cleaned up). Our Supreme Court has set forth the following test:

> [A] litigant has standing whenever there is a legal cause of action. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the statutory scheme implies that the Legislature intended to confer standing on the litigant. [*Id*. at 353.]

Simply put, defendant, as the purchaser of the property at the sheriff's sale, acquired an equitable interest in the property that was contingent on redemption. The quitclaim deed that plaintiff acquired from the Artises would impact defendant's interest in the property if plaintiff used that quitclaim deed to redeem the property. Accordingly, defendant had a substantial interest in challenging plaintiff's attempted redemption in order to perfect its title to the property, the subject matter of this controversy, which would ultimately determine its interest in the property.

Lastly, plaintiff argues that the trial court erred by ruling that only a party with a recorded interest may redeem the property under MCL 600.3240, which governs the redemption phase of the foreclosure proceeding and provides, in part, as follows:

> (1) A purchaser's deed under section 3232 is void if the mortgagor, the mortgagor's heirs or personal representative, or any person that has a recorded interest in the property lawfully claiming under the mortgagor or the mortgagor's heirs or personal representative redeems the entire premises sold by paying the amount required under subsection (2) and any amount required under subsection (4), within the applicable time limit prescribed in subsections (7) to (12), to the purchaser or the purchaser's personal representative or assigns, or to the register of deeds in whose office the deed is deposited for the benefit of the purchaser.

Therefore, under MCL 600.3240(1), "[a] redemption is complete when one having the right to redeem pays in proper time, to a proper person, the sum which was bid with interest from the time of the sale at the rate per cent. borne by the mortgage . . . " *Heimerdinger v Heimerdinger*, 299 Mich 149, 155; 299 NW 844 (1941) (cleaned up). The plain language of MCL 600.3240(1) limits the proper person to the mortgagor, the mortgagor's heir or personal representative, or "any person that has a recorded interest in the property lawfully claiming under" them. Thus, under the plain language of the statute, plaintiff failed to comply strictly with the requirements of MCL 600.3240(1) because it did not have a recorded interest in the property at the time it tried to redeem the property.

Plaintiff's attempted redemption, however, may have nevertheless substantially complied as a valid redemption. Even though the quitclaim deed was not recorded at the time that plaintiff attempted to redeem, plaintiff did record the deed within the applicable redemption period. The Supreme Court has recognized that substantial compliance with the statutes regulating foreclosure

sales may be sufficient, especially in the absence of prejudice to the rights of other parties, or any compromise of the statutory purposes. *Mills v Jirasek*, 267 Mich 609, 614-615; 255 NW 402 (1934).

> The statutes [regulating statutory foreclosure sales] were intended to prevent surprise or unfairness, and they should be enforced in everything substantial. Courts cannot disregard any of their positive provisions. But on the other hand those provisions cannot be enlarged or unreasonably construed so as to render mortgage sales unsafe, or to make bidding hazardous. The law was designed to encourage and not to destroy recourse to these simple and cheap remedies; and while no substantial rights should be disregarded, substantial regularity is all that should be held imperative. [*Id.* at 614 (quotation marks and citation omitted).]

Whether plaintiff substantially complied with the statute was not contemplated by the trial court, and we decline to decide this issue on appeal without the trial court first deciding it. *Senters v Ottawa Savings Bank*, 443 Mich 45, 54; 503 NW2d 639 (1993) (cleaned up). Therefore, this issue is remanded to the trial court for proceedings to determine if plaintiff substantially complied with MCL 600.3240, as well as any other further proceedings as required.

## III. CONCLUSION

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle