PALMER v. PALMER.

1. MORTGAGES—REDEMPTION—FRAUD—EQUITY.
Where no fraud is shown which would warrant the court of equity in extending the time of redemption from a statutory foreclosure, and no inequitable conduct which would induce the owner to refrain from redeeming, in due time, the court erred in entering a decree permitting the owner to have an extension of time for that purpose.

2. SAME.
And it must appear from the record that the property owner was induced by the fraud or misrepresentation to relax her efforts to redeem, in order to justify the decree.

Appeal from Eaton; Clement Smith, J. Submitted October 6, 1916. (Docket No. 60.) Decided December 21, 1916.

Bill by Malvina A. Palmer against Mark Palmer and Stanton E. Clark for a decree extending the time of redemption from foreclosure of a mortgage. Defendant Palmer died before the trial. From a decree for plaintiff, defendant Clark appeals. Reversed.

*H. H. Partlow* (*R. R. McPeek* and *E. N. Peters*, of counsel), for complainant.

*Jason E. Nichols* and *Charles H. Hayden*, for defendant.

KUHN, J. The plaintiff and the defendant Mark Palmer owned a farm of 80 acres as tenants by the entireties and gave a mortgage on the premises. Default having occurred in the payment of this mortgage, a statutory foreclosure was started, and the premises were sold upon July 6, 1914, to the defendant Clark for $3,500, of which amount $2,767.63 was necessary

to satisfy the claim of the mortgagee, leaving a surplus in the hands of the sheriff of $732.37.

The defendant Mark Palmer and the plaintiff, who are husband and wife, were living together at the time the mortgage was given, but later separated, and the plaintiff filed a bill for divorce, which was subsequently dismissed. She then filed another bill, and on July 22, 1915, she filed a supplemental bill alleging conspiracy and fraud to have been practiced upon her by her husband and the defendant Clark in preventing her from protecting her rights in the redemption of the premises covered by the mortgage. Later, and before the hearing in this cause, the defendant Mark Palmer died. The period of redemption expired July 5, 1915, but, it being a legal holiday, July 6th was treated by the parties as the last day upon which to redeem.

It is the claim of the plaintiff that she and her attorney, Mr. Partlow, carried on negotiations for safeguarding the interests of the Palmers with the defendant Palmer through the defendant Clark, and that their efforts to effect an adjustment or redemption continued up to the 6th day of July, 1915. It is her further contention that they relied upon the statements and assurances made by Mr. Clark as to Palmer's attitude, and that matters ran along until the 1st of July, when, learning that the defendant was unable physically to join in any efforts to save the property before the expiration of the period of redemption, application was made to the circuit court by the plaintiff and an order secured authorizing the plaintiff to execute a mortgage to secure means for that purpose.

Discussion is had in the briefs of counsel as to the power of a court of equity to extend the time of redemption on a statutory foreclosure. The authorities seem to justify the conclusion that, where the owner has been induced to refrain from redeeming by fraudulent conduct and representations, equity will interpose

and grant relief. See 27 Cyc. p. 1847; 2 Jones on Mortgages (7th Ed.), p. 649; *Newman* v. *Locke*, 66 Mich. 27 (36 N. W. 166). This is of that class of cases where it can be said that it is indeed regrettable that because of her failure to act the plaintiff has been deprived of property by reason of the statutory enactments with reference to such a foreclosure. It is elementary, however, that before a court of equity is justified in interfering equitable grounds must clearly appear, and fraud is not to be lightly presumed, but must be clearly proved.

A careful examination of this record is convincing that the plaintiff has failed in her proof to sustain her charge. It appears that negotiations had been carried on between Mrs. Palmer and defendant Clark, and that she insisted upon obtaining not less than $2,000 for her interest in the land. Mr. Clark offered and was willing to pay $1,500 for the equity in the property, but there is no evidence that Mrs. Palmer ever was willing to accept this or was willing to join in a deed to make effective an acceptance of Mr. Clark's offer. Mrs. Palmer testified that she had talked to Mr. Palmer and wanted him to try and redeem the property, and that he said that he could not, as he did not know where he could get the money. The record does not disclose that any new mortgage or a deed was ever tendered to Mr. Palmer and a request made of him to join in the execution thereof in order to raise funds to redeem the property. The defendant Clark at no time refused to take the money which was due him, and we are not satisfied that the record establishes anything that would warrant the conclusion that he was in a conspiracy with defendant Palmer to deprive the plaintiff of her rights of redemption. Although it is her claim that representations were made to her to create in her a feeling of security, neverthe-

less she alleges in her bill of complaint that by reason thereof she did not in any way relax in her efforts to secure a redemption of the property before the redemption period expired.

Because of the failure of sufficient proof we are constrained to come to a different conclusion than that reached by the trial judge, and the decree by him made will be reversed, and one here entered dismissing the supplemental bill of complaint, with costs to the appellant.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.