GORDON GROSSMAN BUILDING COMPANY v. ELLIOTT.

1. VENDOR AND PURCHASER — LAND CONTRACT — FORECLOSURE — REDEMPTION — TENDER OF PERFORMANCE.

Statement to attorney of land contract vendor by attorney of vendee 2 weeks before expiration of statutory redemption period from foreclosure sale that arrangements had been made to obtain money to redeem and that payment would be made by bank which was financing redemption upon delivery in escrow of warranty deed was valid tender of performance, request for execution of escrow deed not being an onerous burden on vendor.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5]  55 Am Jur, Vendor and Purchaser § 461.
[2–4]  17 Am Jur 2d, Contracts § 356 et seq.

2. Contracts—Tender of Performance.
   Valid tender of performance of agreement to pay money requires an actual offer to pay and ability at time of offer to pay amount due.

3. Same—Tender of Performance.
   An authenticated offer to pay a sum of money can be considered a valid tender; production of the precise sum in current money is not always necessary for a tender.

4. Same—Tender of Performance.
   Validity of tender of payment depends upon the surrounding facts, thus decision in a case must be confined to immediate facts of the case.

5. Vendor and Purchaser—Land Contracts—Redemption.
   Trial court's granting of order requiring vendors to perform land contract by executing warranty deed to vendees was proper where it appeared that, but for vendor's refusal to deposit deed in escrow with bank which was financing redemption, redemption could have been arranged before expiration of statutory redemption period.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 April 4, 1968, at Detroit. (Docket No. 3,695.) Decided June 3, 1968. Leave to appeal granted September 3, 1968. See 381 Mich 773.

Complaint by Gordon Grossman Building Company, a Michigan corporation, against Jeannine Elliott and John F. Elliott for foreclosure of land contract. Judgment of foreclosure rendered and foreclosure sale held. Motion by defendant Jeannine Elliott for order requiring plaintiffs to execute deed in compliance with terms of contract. Motion granted. Plaintiff appeals. Affirmed.

*Hertzberg, Jacob & Weingarten (Peter A. Nathan,* of counsel), for plaintiff.

*McIntosh, Simpson, Oppliger & Mugan,* for defendant.

Fitzgerald, J. The basic facts of the instant appeal have been agreed to by the parties. The divergences come toward the latter part of the litigation when a land contract, having been foreclosed, was in the waning days of its period of redemption.

On May 26, 1959, the Gordon Grossman Building Company, as vendor, entered into a land contract covering a parcel of land in St. Clair county with Jeannine Elliott and her husband, John Elliott, as vendees. As the years went by, payments on the contract fell into arrears and plaintiff filed a complaint in the circuit court for the county of St. Clair to foreclose the land contract.

In November, 1966, a judgment of foreclosure was entered ordering the property to be sold at a circuit court commissioner's sale, and no appeal was taken therefrom. Sale was held on December 30, 1966, pursuant to the judgment, and on February 3, 1967, the order confirming the sale to plaintiff was entered. Again, no appeal was taken, either by appellee in this case or by her husband. Negotiations, described more fully *infra,* for redemption took place in March.

On March 30, 1967, the statutory period for redemption expired and on April 5, 1967, Jeannine Elliott, then in the process of seeking a divorce from her husband, filed a motion in the circuit court for the county of St. Clair asking for an order requiring plaintiff to execute a warranty deed in compliance with the land contract and to comply with the terms of the contract. The trial court entered such an order, requiring plaintiff to execute a warranty deed and to comply with all terms of the land contract.

Appeal is now brought by Grossman Building Company on the question of whether the vendee of

a foreclosed land contract is entitled to have the vendor execute a warranty deed and place it in escrow with a bank before the vendee tenders the payment necessary to redeem the foreclosed premises. Grossman further alleges that a court cannot require the vendor of a land contract to comply with the terms of the contract after a judgment foreclosing said contract has been entered, the premises have been sold, and the statutory period of redemption has expired without any payment from the vendee.

A study of the record indicates that the affairs before us are not so simple as set forth in the questions propounded by appellant. In Jeannine Elliott's motion to compel plaintiff to execute a warranty deed (supported by affidavit), it was alleged that "the defendant herein arranged for the sale of said premises with the Michigan National Bank to pay the plaintiff herein the amount owing on said judgment." She further alleged that, "pursuant to this sale the Michigan National Bank approved the proposed mortgage to the purchaser, however, in order to facilitate the handling of the same, required that the plaintiff submit a warranty deed." The final allegation is that "On March 16, 1967, a warranty deed was forwarded to the attorney for the plaintiff with the request that the same be submitted to the Michigan National Bank to be held in escrow until such time as the money could be disbursed." She concludes by stating that on March 24, 1967, plaintiff arbitrarily refused to execute the deed and place the same in escrow. The period of redemption expired on March 30, 1967.

Counsel for plaintiff cites the case of *Kaiser* v. *Weber* (1942), 301 Mich 609, for the proposition that an attorney's statement that arrangements had been made to obtain money to redeem and that pay-

ment would be made upon delivery of the deed was not a proper legal tender of the amount necessary to redeem.

In essence, plaintiff here is saying that a sum certain of money (which in this case had been determined to be $9,299.91 with $1.51 interest per day) should be handed over, the deed then prepared, and the redemption perfected. Stating it another way, they claim that the request for the execution of a deed to be placed in escrow with a bank, whereupon the moneys would be disbursed, is the fatal "qualification" spoken of in the *Kaiser Case, supra.* The facts in the *Kaiser Case* do not fall squarely within those in the instant case in that the *Kaiser Case* was a bill brought for an accounting of amount due on a land contract and to require execution of a deed 5 years after the period of redemption had expired.

The problem, it seems to us, is what will constitute a valid tender. In *Kaiser,* the following language was employed:

"The circuit judge was correct in his conclusion that plaintiff made no proper legal tender. *Leonard* v. *Woodruff* (1932), 259 Mich 434; *Niederhauser* v. *Detroit Citizens Railway Co.* (1902), 131 Mich 550. In the *Leonard Case* we said (p 438): 'A tender to be effective must be without qualification or condition.'

"Plaintiff's offer to redeem, without proper tender of the amount due, did not accomplish the purpose of a tender or entitle plaintiff to the relief sought. In *Pappas* v. *Harrah* (1922), 221 Mich 460, involving the question of tender for the redemption of a land contract, Mr. Justice WIEST said:

" 'With the suits determined against them and the right of redemption about to expire, the plaintiffs should have tendered the amount due on the contracts. *The failure to make such tender is not*

*excused by the assumption that defendant would not insist on his strict rights.*  We would import into the law an unsafe and litigious element if we should hold an offer to perform, with ability to do so, accomplishes the purpose of a tender, or constitutes ground for equitable relief.' "    (Emphasis in original.)

This would lead one to believe that a qualification of any kind, placed upon a tender, any act other than producing cash, a certified check, bank draft or similar document, is not sufficient.  We do not believe that an interpretation such as this recognizes the commercial exigencies of the day and particularly does not reflect land contract custom and usage.  Indeed, in 1902, in the case of *Niederhauser v. Detroit Citizens Street Railway Co., supra,* the Supreme Court stated:

"The old rule that, to make a valid tender of money, there must be produced the precise sum in current money, which must actually be offered to the person to whom the tender is made, has been modified."

While this concept has not been expanded upon by appellate courts in later years, we believe that even the turn of the century view was such that an authenticated offer to pay a sum of money could be considered valid tender.

No suggestion of fraud lurks in the record before us such as is found in some mortgage foreclosure cases in our Reports in which relief was granted after redemption expiration.  We concur with the circuit judge that in the instant case a valid tender was made, the request for the escrow deed not being an onerous burden.  Two weeks remained in the redemption period.  A deed was forwarded by defendant's attorney to plaintiff's attorney, stating the amount due and with directions as to how to

secure payment of the balance due. The entire matter was confirmed by an official of the Michigan National Bank. There was no valid reason why the redemption could not have been perfected *within the statutory period,* save for plaintiff's arbitrary refusal.

Since every tender must be ruled by the facts surrounding it, our decision is confined to the immediate facts of this case. As stated in 22 MLP, Tender, § 2, "In making tender, there must be an actual offer to pay, coupled with the ability, at the time of the offer, to pay the amount due". See, also, *Keller* v. *Paulos Land Company* (1966), 5 Mich App 246. The aforementioned elements are present in the instant case and 2 weeks remained in which, in an orderly manner, counsel for the parties could have arranged the redemption before the expiration time. The relief granted by the trial court was consistent with the facts.

Affirmed. Costs to appellee.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.