SHERMAN v VELGER

Docket No. 52941. Submitted June 10, 1981, at Detroit.—Decided
November 30, 1981. Leave to appeal applied for.

Fred H. Sherman and Flore E. Sherman brought an action
against Earl W. Velger, Jr., and Georgia G. Velger to foreclose
a land contract. The defendants were involved in a divorce
during the pendency of the foreclosure action. The plaintiffs
subsequently moved for summary judgment and for an order to
have the property sold at a judicial sale, which motion was
granted. The plaintiffs bought the property at the sale. Thereaf-
ter, Georgia Velger moved to compel the plaintiffs to deliver a
warranty deed to the property to her upon her payment of the
outstanding balance of the contract, real estate taxes, accrued
interest, and foreclosure costs less the plaintiff's underlying
mortgage balance which she offered to assume, which motion
was granted. Macomb Circuit Court, James C. Dance, J. The
plaintiffs appeal. *Held:*

The trial court erred in ordering the plaintiffs to deliver a
warranty deed to Georgia Velger. The redemption statute
provides that a vendee attempting redemption following a
judicial sale must tender the entire sum bid at the sale plus
interest from the date of the sale. By allowing the vendee to
redeem the property by paying down to the underlying mort-
gage, the trial court impermissibly enlarged the rights afforded
the vendee under the provisions of the redemption statute. The
factors enunciated by the trial court to support its decision did
not constitute any unusual circumstances or strong equitable
considerations which would justify a departure from a literal
application of the redemption statute.

Reversed.

CYNAR, J., dissented. He would hold that the trial court
properly exercised its equitable powers under the circum-
stances of the case. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 73 Am Jur 2d, Statutes §§ 274-276.
    77 Am Jur 2d, Vendor and Purchaser §§ 404, 604.

OPINION OF THE COURT

1. VENDOR AND PURCHASER — LAND CONTRACTS — REDEMPTION — FRAUD — STATUTES.

Generally, a court in applying that section of the Revised Judicature Act providing for redemption of land sold upon foreclosure of a land contract must follow the clear and plain meaning of the statute, and any departure from application of the literal terms of the statute should be justified by unusual circumstances tantamount to fraud (MCL 600.3140; MSA 27A.3140).

2. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURE — EQUITY.

A trial court may exercise its equitable powers to relieve a defaulting land contract vendee from forfeiture where the result of such forfeiture would be unreasonable.

3. VENDOR AND PURCHASER — LAND CONTRACTS — REDEMPTION — FRAUD — STATUTES.

A land contract vendor who, upon default by a land contract vendee and a subsequent foreclosure of the land contract, retains the monies paid under the land contract and also purchases the land in question at a judicial sale does not act fraudulently or in bad faith so as to enable a trial court to compel redemption on equitable grounds in the absence of the vendee's compliance with the provision of the redemption statute, and the fact that the value of the land has appreciated during the tenure of the contract or that the land has been awarded to one of the vendees in a divorce action should not be a factor in the court's decision (MCL 600.3140; MSA 27A.3140).

DISSENT BY CYNAR, J.

4. VENDOR AND PURCHASER — LAND CONTRACTS — REDEMPTION — EQUITY.

*A trial court may exercise its equitable powers to compel redemption of a land contract where the land contract vendee agrees to assume the land contract vendor's underlying mortgage on the property and tenders the balance due under the contract, plus real estate taxes, accrued interest, and foreclosure costs, less the mortgage balance, and the court determines that the vendor will receive everything to which he was entitled under the terms of the contract.*

*L. Edwin Wenger,* for plaintiffs.

*Williams, Schaefer, Ruby & Williams, P.C.* (by

*John W. Griffen, Jr.),* for defendant Georgia G. Velger.

Before: D. C. Riley, P.J., and Cynar and H. R. Gage,* JJ.

D. C. Riley, P.J. Plaintiffs appeal as of right from the trial court's July 15, 1980, order for delivery of a warranty deed pursuant to a redemption of foreclosure.

On March 4, 1976, plaintiffs and defendants entered into a land contract whereby defendants agreed to purchase, from plaintiffs, certain residential property located in Macomb County. The contract called for a purchase price of $110,000 with a $15,000 downpayment. In addition to monthly payments of $600, the contract also provided that payments of $4,000 were required to be made on June 1 and December 1, throughout the term of the contract. Paragraph 3(k) of the contract provided in pertinent part:

"Purchasers shall have right to close Land Contract and assume Sellers mortgage when and if Land Contract balance equals or is less than Sellers mortgage balance."

On January 25, 1979, plaintiffs filed a complaint to foreclose the land contract, alleging that defendants had failed to pay the 1978 taxes on the land. Under the terms of the contract, plaintiffs elected to declare the entire balance of the contract due and owing and requested the court to foreclose the land contract and order a sale of the premises. An amended complaint alleged further that defendants also failed to pay the semiannual payment of $4,000 which became due on December 1, 1978.

* Circuit judge, sitting on the Court of Appeals by assignment.

Each defendant filed separate answers to plaintiffs' complaint and amended complaint. During the pendency of the foreclosure action, plaintiffs offered defendants an opportunity to complete the purchase by assuming the mortgage and paying an amount equal to the difference between the balance owing on the land contract and the underlying mortgage, plus costs, taxes, and attorney fees. Defendants were unable to take advantage of this offer, however, because they were involved in a contested divorce proceeding at the time.

On November 19, 1979, the court filed an order granting plaintiffs' motion for summary judgment and ordering the property to be sold at a judicial sale. The upset price was fixed at $85,000. Plaintiffs purchased the property for $85,000 at the judicial sale held February 8, 1980.

Thereafter, on April 23, 1980, defendant Georgia Velger brought a motion to compel delivery of the warranty deed upon her payment of the outstanding balance of the land contract, real estate taxes, accrued interest, and foreclosure costs, less the underlying mortgage balance which she offered to assume. In her motion, defendant alleged that she and defendant Earl Velger had been divorced on April 21, 1980, and that under the property settlement she had been awarded their interest in the subject property. She requested the court to exercise its equitable powers and order plaintiffs to tender a warranty deed upon payment of the aforementioned sums. The motion was filed within the six-month redemption period as set forth under MCL 600.3140; MSA 27A.3140.

A hearing on defendant's motion was held on April 28, 1980, and the court orally granted defendant's motion. On May 5, 1980, plaintiffs filed a motion for rehearing and defendant Georgia Vel-

ger filed a motion to compel delivery of the warranty deed pursuant to redemption of foreclosure. After hearing oral arguments and considering briefs, the court issued an opinion granting defendant's motion to compel delivery of a warranty deed upon payment of the principal balance of the land contract down to the existing mortgage. An order to that effect was filed on July 15, 1980. It is from that order that plaintiffs appeal.

MCL 600.3140; MSA 27A.3140 sets forth the procedure for redeeming property sold at a judicial sale as follows:

"The vendee of a land contract, his heirs, executors, administrators, or any person lawfully claiming from or under him or them may redeem the entire premises sold within 6 months from the time of the sale *by paying to the purchaser,* his executors, administrators, or assigns or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, *the sum which was bid with interest from the time of the sale at the rate percent borne by the land contract.* In case the sum is paid to the register of deeds the sum of $5.00 shall be paid to him as a fee for the care and custody of the redemption money. After these sums have been paid the deed of sale is void and of no effect, but in case any distinct lot or parcel separately sold is redeemed, leaving a portion of the premises unredeemed, then the deed of sale is inoperative merely as to the portion or portions of the premises which are redeemed and to the portions not redeemed it remains valid and of full effect." (Emphasis added.)

The Michigan foreclosure statute was construed by the Supreme Court in *Gordon Grossman Building Co v Elliott,* 382 Mich 596; 171 NW2d 441 (1969). In *Grossman,* plaintiff Gordon Grossman Company entered into a land contract with defen-

dants Jeannine Elliott and her husband John. Defendants (who became involved in a divorce) defaulted on the contract, and plaintiff instituted foreclosure proceedings. A judgment of foreclosure was entered, and the plaintiff purchased the property at the judicial sale. During the redemption period, defendants found a purchaser and a bank which had approved a loan to be secured by the purchaser's mortgage. Defendant Jeannine Elliott contacted the plaintiff, notifying it of the impending redemption and requesting the plaintiff to execute a warranty deed and deliver it in escrow to the prospective mortgagee bank. Following negotiations between the parties' attorneys, plaintiff notified Ms. Elliott that a deed would not be forwarded. This notification came approximately one week before the expiration of the statutory redemption period, but she took no further action during that period. One week after the redemption period expired, she initiated proceedings to require plaintiff to execute a warranty deed. The trial court granted the motion and this Court affirmed on the ground that Ms. Elliott had made a sufficient legal tender within the statutory period. *Gordon Grossman Building Co v Elliott,* 11 Mich App 620; 162 NW2d 107 (1968).

The Supreme Court reversed, however, holding that absent some unusual circumstances the redemption statute should be strictly construed:

"Absent some unusual circumstances or additional considerations not within the ambit of the statute, this Court must follow the clear and plain meaning of the statute.

"We accept as a general rule that the right to redeem under present statutes is a legal right and can neither be enlarged nor abridged by the courts." 382 Mich 596, 603.

The Court then indicated that under certain circumstances equitable considerations may justify a court in relieving a defendant from the literal operation of the statute:

"Any departure from this general rule must be addressed to the conscience of the court * * *. The usual ground urged as an exception to the general rule, justifying the intervention of the court of equity, is that of fraud. See *Palmer v Palmer,* 194 Mich 79 [160 NW 404] (1916). The element of fraud, however, must be proven by clear and convincing proofs." 382 Mich 596, 603-604.

The redemption statute provides that a vendee attempting to redeem property following a judicial sale must tender the entire sum bid with interest from the date of the sale. In the instant case, the trial court, in allowing defendant to redeem the property upon paying down to the underlying mortgage, enlarged the rights afforded under the redemption statute. Accordingly, the question on appeal is whether equitable considerations justified the court's actions relieving defendant of the literal operation of the statute.

On appeal, plaintiffs argue first that the equitable factors cited by the trial court[1] did not justify

[1] "1. If the plaintiffs received, by redemption, the full $85,000, they would use a portion to pay off the mortgage balance thus merely extinguishing the mortgage, and then possessing in fee title property which has appreciated to a value of from $150,000 to $200,000.

"2. Plaintiffs, by letter of March 6, 1979, agreed to payment down to the mortgage balance, 'if it could be concluded expeditiously.' The defendants at that time were involved in a bitter divorce action, and the rights of the two parties (Earl and Georgia) in and to this property continued to be unresolved by the trial court in the divorce action. That resolution was accomplished April 21, 1980, wherein Georgia Velger was awarded the property, thus freeing up her ability to obtain financing to redeem.

"3. By virtue of the divorce action, Georgia Velger will now have a home and a stable environment for herself and her three children.

"4. The effect of this court's order to redeem is to give the plaintiffs

it in varying the provisions of the statute and also object that no proofs were taken to establish the existence of these facts. Regarding this latter contention, we note that at the proceeding held on May 12, 1980, plaintiffs' counsel stipulated that the matter could be submitted through briefs. We deem plaintiffs to have waived any objection to the court's failure to hold an evidentiary hearing.

As recognized by the Supreme Court in *Grossman,* courts of equity have relieved defaulting contract vendees from forfeitures when, in the court's judgment, to do otherwise would result in an unreasonable forfeiture. *Marble v Butler,* 249 Mich 276; 228 NW 677 (1930), *Rothenberg v Follman,* 19 Mich App 383; 172 NW2d 845 (1969). The action in the instant case, however, involves a foreclosure proceeding and not a forfeiture of a land contract. Defendants' reliance on that line of cases holding that courts may grant equitable relief to prevent harsh forfeitures is, therefore, misplaced. Indeed, it is perhaps because of the liberal redemption rights contained in the foreclosure statute that the Supreme Court has held that,

everything they are entitled to, including costs, interest, etc., under the terms of the land contract if there had been no foreclosure.

"5. To do otherwise would constitute an unjust enrichment to the plaintiffs, and would penalize Georgia Velger from the substantial equity she and her husband had and which she will now have for herself and her three children. This court cannot cavalierly ignore the loss to Georgia Velger of a substantial equity already accumulated ($40,000 in principal, plus interest) and by so doing grant a windfall to the plaintiffs when all the plaintiffs are entitled to is the balance of their money.

"6. This redemption falls within the six-month period.

"7. There is the following equitable consideration: aside from Georgia Velger's inability to redeem because of the divorce, the redemption (absent a divorce, or during the divorce) would have required a borrowing by the Velgers, or by Georgia Velger, at interest rates enforceable at the time of the execution of the land contract. Prime rate on February 8, 1980, was 15-1/4%.

"8. This court adopts the equitable facts set forth in Georgia Velger's motion and brief."

in the absence of unusual circumstances tantamount to fraud, the literal terms of the statute must be applied. *Grossman, supra.* We also observe that the strict construction given the statute by the *Grossman* Court is supported by precedent in Michigan where the Supreme Court has construed the redemption statute. See, *e.g., Wood v Button,* 205 Mich 692; 172 NW 422 (1919), *Palmer, supra.*

Applying the standards set forth in *Grossman* to the instant case, we conclude that the factors enunciated by the trial court were insufficient to support its order allowing defendant to redeem the property by paying $49,667.94 and assuming the plaintiffs' underlying mortgage.

The trial court indicated that plaintiffs would be unjustly enriched if they were allowed to retain the property after receiving payments of $40,000 from defendants under the land contract. In retaining these payments, however, and in purchasing the land at the judicial sale, plaintiffs have not acted fraudulently or in bad faith but merely have exercised their legal rights. The fact that the property has appreciated during these proceedings would not constitute an unjust enrichment.

In addition, although the court indicated that under this redemption scheme plaintiffs would receive everything they would have received under the contract if there had been no foreclosure, this is not entirely correct. Although defendants arranged to assume plaintiffs' mortgage, it does not appear that the mortgagee agreed to release plaintiffs from all liability on the debt. In the absence of such a novation, plaintiffs still would be secondarily liable in case of Georgia Velger's default. 55 Am Jur 2d, Mortgages, § 1045, pp 886-887. Moreover, while plaintiffs offered defendants an opportunity to purchase the home on this basis in the

land contract (¶ 3[k]) and again during the pendency of the foreclosure proceedings, the circumstances existing between the parties had changed since those offers. Plaintiffs correctly note that Georgia Velger's former husband would have joined in those purchases but that under the divorce judgment, she was awarded his interest in the property. The purchase arrangement offered by plaintiffs was to defendants *jointly* and never to Georgia Velger alone.

Finally, the court considered, as a factor in support of redemption, the fact that the property would provide a stable environment for Georgia Velger and her three minor children. The court noted that by virtue of the divorce action she was awarded the property. At the time the defendants' divorce judgment was entered, however, a summary judgment of foreclosure had been entered, and the property had been purchased by plaintiffs at the judicial sale. Thus, the equitable and legal ownership of the property resided in plaintiffs. Therefore, Georgia Velger knew that she could not regain the property unless she could redeem it in accordance with the statutory redemption procedure. Consequently, the fact that Georgia Velger was awarded this property by virtue of the divorce judgment should not be considered a factor in support of the court's action.

In summary, the record before us is barren of any unusual circumstances or strong equitable considerations which would justify the trial judge's decision not to apply the clear and plain meaning of the statute. As such, the trial judge erred when he ordered the plaintiffs to deliver a warranty deed, thereby enlarging Georgia Velger's rights under the redemption statute.

Reversed.

Costs to plaintiffs.

H. R. GAGE, J., concurred.

CYNAR, J. *(dissenting).* I believe the trial court did not abuse its discretion in exercising its equitable powers to permit defendant Georgia Gay Velger to redeem her house from plaintiffs by tendering the sum of $49,667.94 and assuming plaintiffs' underlying mortgage liability. Plaintiffs received everything they were entitled to by way of payment under the land contract.

I would affirm.

ADDENDUM

On March 9, 1982, the following order was entered in this case.—REPORTER.

This matter having come before this Court on defendants-appellees' application to rehear the appeal in the above-captioned cause, and an answer to said application having been filed by plaintiffs-appellants, and due consideration thereof having been had by the Court,

It is now ordered, therefore, that this Court's opinion of November 30, 1981, be and the same is hereby vacated.

It is ordered further that the July 15, 1980 decision of the Macomb County Circuit Court be and the same is hereby affirmed for the reason that this Court is persuaded that the fact that this was a land contract to be paid down to a mortgage distinguishes it from the usual land contract transaction contemplated by MCL 600.3140; MSA 27A.3140. Hence, this Court finds this to be the "some unusual circumstances or additional considerations not within the ambit of the statute" referred to in *Gordon Grossman Building Co v Elliott,* 382 Mich 596; 171 NW2d 441 (1969), wherein the Supreme Court indicated that under certain circumstances the court is justified in relieving a defendant from the literal operation of the statute.

This Court retains no further jurisdiction.

Judge GAGE would deny the application for rehearing.