*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT LAKES PROPERTY MANAGEMENT
CONSULTANTS, INC.,

       Plaintiff-Appellee,

v

HP FORECLOSURE SOLUTION, LLC,

       Defendant-Appellant.

FOR PUBLICATION
August 10, 2023
9:00 a.m.

No. 363746
Wayne Circuit Court
LC No. 22-006926-CB

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

REDFORD, P.J.

Defendant, HP Foreclosure Solutions, LLC, appeals by right the trial court's denial of its motion for summary disposition and partial grant of plaintiff, Great Lakes Property Management Consultants, Inc's motion for summary disposition. For the reasons stated in this opinion, we reverse the trial court's rulings and remand for entry of judgment in defendant's favor.

## I. FACTUAL BACKGROUND

On June 4, 2019, Heritage at Riverbend Condominium Association (Heritage) recorded in the Wayne County Register of Deeds a condominium assessment lien against a condominium located at 13315 St. Ervin Ave. #16, Detroit, Michigan, then owned by Tabaruk WutWut. Heritage brought an action for judicial foreclosure in the circuit court which entered a judgment of foreclosure and order of sale in favor of Heritage. On or around July 13, 2021, WutWut quitclaim deeded the condominium to plaintiff. Wayne County Deputy Sheriff Terri Sims Hilson conducted a sheriff's sale and sold the property to defendant for $56,194, the highest bid at the sale held on October 5, 2021. Deputy Sheriff Hilson executed a sheriff's deed on judicial sale of real estate that stated the purchase amount and identified defendant as the highest bidder. She executed an affidavit of deputy sheriff that stated the purchase amount and attested to the fairness of the sale. She also executed a certificate of redemption period that stated the purchase amount and that the sheriff's deed would become operative upon the expiration of six months from the date of sale unless redeemed, and specified an interest rate of 5%. The sheriff's deed was recorded in the

-1-

Wayne County Register of Deeds on December 2, 2021, along with various documents related to the foreclosure.

On May 27, 2022, Jasmine McMorris, plaintiff's principal and sole owner, hand delivered to defendant's office a personal check in the amount of $56,194 in an attempt to redeem the property. Plaintiff thereafter sought to obtain a deed from defendant but defendant refused to accept plaintiff's effort to redeem the property. Plaintiff sued defendant to quiet title to the property and for unjust enrichment, and requested injunctive and declaratory relief. Defendant answered by denying that plaintiff properly redeemed the property on the ground that McMorris lacked a recorded interest in the property. Defendant denied plaintiff's other allegations regarding the requested relief.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10) on the grounds that McMorris had no recorded interest in the property and failed to timely redeem the property by paying $56,194 plus interest at a per diem rate of $7.67 per day based on the 5% interest rate. She instead submitted a personal check in the amount of only $56,194. Plaintiff opposed the motion and argued that the trial court should grant it summary disposition under MCR 2.116(I)(2) because McMorris acted on behalf of plaintiff and tendered the sheriff's sale amount on which interest was not owed. Plaintiff contended that it timely and properly redeemed the property. The trial court heard the parties' arguments at a hearing and rendered its decision from the bench. It denied defendant's motion and granted plaintiff's motion in part. The trial court found that when plaintiff's owner attempted to redeem the property she acted on behalf of the company. The court also found that defendant could have easily clarified McMorris's status and that she tendered the check on plaintiff company's behalf as the owner of the company. The court stated that it would allow interest and require plaintiff to pay the 5% interest. The court opined that not paying the interest did not vitiate plaintiff's attempted redemption. The court ruled that plaintiff redeemed the property and directed that, if the check it gave defendant was stale, plaintiff needed to resubmit a check and include payment of the per diem interest, and then plaintiff would be entitled to the property.

The trial court entered its final order reflecting its findings and rulings. The order stated that the court found that: (1) McMorris acted on behalf of plaintiff in her attempt to redeem the property, (2) defendant was entitled to payment of per diem interest of 5% of the redemption amount, (3) defendant should have clarified to plaintiff that the redemption amount plaintiff attempted to post was not correct. The order stated that the court ordered the denial of defendant's motion and granted plaintiff's motion in part for the reasons stated on the record. The order further stated that the court ordered plaintiff to tender a certified check to defense counsel in the amount of $57,988.78 ($56,194 plus interest of $1,794.78) within seven days of entry of the order, and timely delivery would result in plaintiff holding legal and equitable title to the property, whereupon plaintiff could file the order with the Register of Deeds as evidence of fee title ownership, but if it failed to do so, defendant would hold fee title to the property free from plaintiff's claims. Defendant now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo a circuit court's summary disposition decision. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). "A court may grant

summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted." *Id*. (quotation marks and brackets omitted). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Id*. (citation omitted). All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party. *Id*. at 304-305. "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*. at 305 (quotation marks and citation omitted). "Questions of statutory interpretation are also reviewed de novo." *Rowland v Washtenaw Co Road Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007).

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A court considers the "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. "When a motion under subrule (C)(10) is made and supported . . . an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120. The party who moves for summary disposition under MCR 2.116 bears the initial burden of production, which may be satisfied in one of two ways. *Quinto v Cross and Peters Co*, 451 Mich 358, 361; 547 NW2d 314 (1996). The moving party may either submit affirmative evidence that negates an essential element of the nonmoving party's claim or demonstrate to the trial court that the nonmoving party's evidence fails to establish an essential element of the nonmoving party's claim. *Id*. at 362. Once the moving party satisfies its burden in one of those two ways, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. The reviewing court "should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered." *Maiden*, 461 Mich at 121. A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). Summary disposition is appropriately granted to the opposing party under MCR 2.116(I)(2), if the trial court determines that the opposing party rather than the moving party is entitled to judgment. *West Mich Annual Conference of the United Methodist Church v Grand Rapids*, 336 Mich App 132, 138; 969 NW2d 813 (2021). To the extent the propriety of summary disposition was premised on a controlling statute, statutory interpretation presents a question of law subject to review de novo. *Id*.

## III. ANALYSIS

Defendant argues that plaintiff failed to timely and properly redeem the property by not paying the correct redemption amount, including per diem interest, before the redemption period expired on March 5, 2022. Although defendant raised the issue of the correct redemption amount before the trial court, defendant did not raise the issue of the expiration of the statutory redemption period on March 5, 2022. The record indicates that plaintiff, defendant, and the trial court believed that the redemption period expired on June 2, 2022. "For an issue to be preserved for appellate

review, it must be raised, addressed, and decided by the lower court." *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014) (quotation marks and citation omitted). Having failed to raise the issue before the trial court, defendant failed to preserve the issue. Although defendant failed to properly preserve the issue, this Court may address the issue to prevent a miscarriage of justice and a fundamental legal error. *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987); see also *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). We address this issue because the parties and the trial court made a fundamental legal error regarding the commencement and expiration of the statutory redemption period that, if we were to deem the issue waived and declined to address it, a miscarriage of justice would result.

Generally, courts must strictly comply with foreclosure statutes. *Detroit Trust Co v Detroit City Service Co*, 262 Mich 14, 47; 247 NW 76 (1933). Our Supreme Court has long held that "[t]he right to redeem from a foreclosure at law is a legal right created by the statute, and can neither be enlarged nor abridged by the courts." *Wood v Button*, 205 Mich 692, 703; 172 NW 422 (1919). In a foreclosure conducted pursuant to statute, equitable relief may be granted only in cases of fraud, accident, or mistake. *Detroit Trust Co v George*, 262 Mich 362, 364; 247 NW 697 (1933), quoting *Palmer v Palmer*, 194 Mich 79, 80-81; 160 NW 404 (1916). Nevertheless, in *Gordon Grossman Bldg Co v Elliott*, 382 Mich 596, 603; 171 NW2d 441 (1969), our Supreme Court stated that, in redemption from foreclosure proceedings governed by statute, "[a]bsent some unusual circumstances or additional considerations not within the ambit of the statute, this Court must follow the clear and plain meaning of the statute."

This case requires interpretation of statutes. In *Kessler v Longview Agricultural Asset Mgmt, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (slip op, 4), this Court recently recited the rules of statutory construction as follows:

> We construe a statute in order to determine and give effect to the Legislature's intent. The goal of statutory interpretation is to discern the intent of the Legislature by examining the plain language of the statute. If the language employed by the Legislature is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and this Court must enforce the statute as written. [*Auto-Owners Ins Co v Dep't of Treasury*, 313 Mich App 56, 68-69; 880 NW2d 337 (2015) (citations and quotation marks omitted).]

> Additionally, "rules of statutory construction require that separate provisions of a statute, where possible, should be read as being a consistent whole, with effect given to each provision." *Gebhardt v O'Rourke*, 444 Mich 535, 542; 510 NW2d 900 (1994). Where a statute contains both a general provision and a specific provision, the specific provision is controlling. *Id*. at 542-543.

Michigan's Condominium Act, MCL 559.101 *et seq.*, among many other things, governs condominium foreclosure. MCL 559.208(1) provides that a condominium co-owner's failure to pay an assessment is a lien upon the unit owned by the co-owner which may be foreclosed by a judicial action or by advertisement by the association of co-owners in the name of the condominium project on behalf of the other co-owners.

-4-

In this case, Heritage instituted a judicial foreclosure related to unpaid assessments owed by the co-owner of the subject property. The circuit court entered a judgment of foreclosure in favor of Heritage and ordered the property sold at a sheriff's sale. The county sheriff conducted a sheriff's sale at which defendant submitted the highest bid and the sheriff issued a sheriff's deed on October 5, 2021. The parties do not dispute the propriety of the judicial foreclosure pursuant to statute or the validity of the sheriff's deed upon foreclosure sale. Plaintiff did not allege in this action that fraud, accident, or mistake marred the proceedings. The parties, instead, disputed whether plaintiff properly redeemed the property before the expiration of the redemption period largely because plaintiff submitted a check that did not include payment of the per diem interest. The parties and the trial court appear to have believed that the recording of the sheriff's deed commenced the statutory redemption period and that it elapsed on June 2, 2022, six months after its recording. In the trial court, defendant argued that plaintiff's failure to pay the per diem interest by that date signified plaintiff's failure to timely redeem the property. Plaintiff did not argue in the trial court nor has it asserted on appeal that defendant misled plaintiff regarding the statutory redemption period or the payoff amount necessary to redeem the property.

On appeal, defendant argues that the redemption period expired six months after the date of the sheriff's sale. Plaintiff relies on *WW Mich Props v Repokis*, unpublished per curiam opinion of the Court of Appeals issued September 23, 2014, (Docket No. 316555), for the proposition that a violation of MCL 600.3232's requirement to record the sheriff's deed within 20 days of the sale, resulted in the redemption period commencing on the date of recording, December 2, 2021, so that the redemption period did not expire until June 2, 2022. Plaintiff argues that the trial court properly exercised its equitable powers to rule in plaintiff's favor and could give plaintiff the opportunity to tender a corrected check that included the per diem interest despite having failed to do so before June 2, 2022, because defendant had a duty to disclose the critical information regarding the redemption amount and had not done so when McMorris delivered her check. As explained herein, plaintiff's argument lacks merit.

The redemption period is defined by statute. MCL 559.208(2) provides:

> **A foreclosure shall be in the same manner as a foreclosure under the laws relating to foreclosure of real estate mortgages by advertisement or judicial action** except that to the extent the condominium documents provide, the association of co-owners is entitled to reasonable interest, expenses, costs, and attorney fees for foreclosure by advertisement or judicial action. **The redemption period for a foreclosure is 6 months from the date of sale** unless the property is abandoned, in which event the redemption period is 1 month from the date of sale. [Emphasis added.]

Because MCL 559.208(2) provides that condominium foreclosures must be in the same manner as real estate mortgage foreclosures, courts must look to Chapter 31 of the Revised Judicature Act, MCL 600.3101 *et seq.*, which sets forth the statutory provisions for mortgage foreclosures. Similar to MCL 559.208(2), MCL 600.3140 provides a mortgagor who has lost property through a judicial foreclosure a statutory redemption period and defines how one redeems the property in relevant part as follows:

(1) The mortgagor, the mortgagor's heirs or personal representative, or any person that has a recorded interest in the property lawfully claiming from or under the mortgagor or the mortgagor's heirs or personal representative may redeem the entire premises sold as ordered under [MCL 600.]3115 by paying, within **6 months after the sale**, to the purchaser or the purchaser's personal representative or assigns, or to the register of deeds in whose office the deed of sale is deposited as provided in the court rules, for the benefit of the purchaser, the amount that was bid with interest from the date of the sale at the interest rate provided for by the mortgage. [Emphasis added.]

MCL 600.3140 provides further:

(3) A register of deeds shall not determine the amount necessary for redemption under this section. The purchaser shall attach an affidavit with the deed to be recorded under this section that states the exact amount required to redeem the property, including any daily per diem amounts, and the date by which the property must be redeemed must be stated on the certificate of the auctioneer. The purchaser may include in the affidavit the name of a designee responsible on behalf of the purchaser to assist the person redeeming the property in computing the exact amount required to redeem the property. The designee may charge a fee as stated in the affidavit and may be authorized by the purchaser to receive redemption money. The purchaser shall accept the amount computed by the designee.

* * *

(5) If payments are made as provided under this section, the deed of sale is void. If a distinct lot or parcel separately sold is redeemed, leaving a portion of the premises unredeemed, the deed of sale is void only as to the portion or portions of the premises that are redeemed.

(6) The amount stated in any affidavits recorded under this section shall be the amount necessary to satisfy the requirements for redemption under this section.

MCL 600.3130(1) provides that, if the property is not redeemed during the statutory redemption period, "the deed shall become operative as to all parcels not redeemed, and shall vest in the grantee named in the deed, his heirs, or assigns all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter."

In *Kessler*, this Court analyzed and decided a dispute regarding the applicable period of redemption related to the foreclosure by advertisement of a mortgaged farm where the sheriff's sale occurred on August 21, 2020, but the sheriff's deed was not recorded within 20 days of the date of sale, not until September 14, 2020. The plaintiffs sought to redeem the property and thought that they had until September 14, 2021, to do so. The defendant, however, refused to provide a payoff amount for September 14, 2021, and refused to allow redemption on the ground that the right to redeem had expired on August 21, 2021. *Kessler*, ___ Mich App at ___; slip op at 2.

This Court considered and determined when the redemption period started and expired. The Court quoted *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), for the proposition that a mortgagor has the statutory right to redeem foreclosed property by paying the requisite amount within the prescribed redemption period, but if the mortgagor fails to do so, all of the mortgagor's rights in the property are extinguished. *Kessler*, ___ Mich App at ___; slip op at 4-5.

This Court noted that the plaintiffs argued that, under MCL 600.3232, which required recording within 20 days of the sheriff's sale, they had one year from the recording of the sheriff's deed to redeem. This Court disagreed with their argument because the statute's plain language did not support their position. This Court explained that, contrary to the plaintiffs' contention, the statute contained no remedy for failure to submit the deed to the Register of Deeds within 20 days and did "not correlate the recording of the deed to the redemption period or state that the recording date becomes the period from which the redemption period runs." *Kessler*, ___ Mich App at ___; slip op at 5-6. This Court noted that the defendant relied on MCL 600.3240(11) and (12), both of which sections provided that the redemption period is one year "from the date of sale." This Court disagreed with the plaintiffs' argument that MCL 600.3232 and MCL 600.3240 should be read *in pari materia* to make the commencement of the redemption period the date of recording. This Court explained that the provisions of MCL 600.3240 are specific regarding the date on which the redemption period commences, and Michigan law requires that the more specific statutory provision must control. The Court, therefore, concluded that MCL 600.3240's specification that the redemption period is one year "from the date of sale" controlled. *Kessler*, ___ Mich App at ___; slip op at 6-8.

*Kessler* distinguished *Mills v Jirasek*, 267 Mich 609; 255 NW 402 (1934),[1] and found it not dispositive because the decision was rendered on principles of equity and the case did not

---

[1] *Mills* involved a foreclosure and sheriff's sale after which the party who obtained the sheriff's deed failed to record it within 20 days and the mortgagor who failed to redeem the property sought to invalidate the sheriff's deed because of the late recording. Our Supreme Court stated in conclusion: "We hold that the provisions of the statute as to the time of recording are directory, and, under the circumstances of the instant case, defendant is estopped to question the validity of plaintiff's deed." *Mills*, 267 Mich at 615. Earlier in its opinion, the Court noted that the trial court quoted from *Perkins v Keller*, 43 Mich 53[, 54]; 4 NW 559, 560 [(1880)] in which our Supreme Court stated: "We have held in *Lilly v Gibbs*, 39 Mich 394[, 396-397 (1878)] that the time of redemption in such a case does not begin to run until the deed is filed." *Mills*, 267 Mich at 613. The Court in *Mills*, however, explained: "Both this and the *Lilly Case* are authority for the view that the provisions of the former statute were not mandatory." *Mills*, 267 Mich at 613.

In *WW Mich Props*, the case relied upon by plaintiff for the proposition that the redemption period does not commence until the sheriff's deed has been recorded, this Court incorrectly stated that the *Mills* court held that the redemption period begins to run when the deed is recorded and reaffirmed its holding in *Lilly*. *WW Mich Props*, unpub op at 4.

In *Kessler*, however, this Court abrogated *WW Mich Props*, explaining:

provide "analysis of whether an express period of redemption was governed by statute, such as MCL 600.3240," and the defendant had not sought to redeem the property regardless of the date of redemption precluding him from challenging the plaintiff's interest. *Kessler*, ___ Mich App at ___; slip op at 8-9. This Court stated:

> As noted, MCL 600.3232 delineates the procedural obligations on the sheriff and the clerk at the [Register of Deeds]. There are no penalties for noncompliance contained within the statute. Moreover, although the sheriff is to write the date for redemption on the deed, there is no indication that it is binding. The statute does not hold that the recording date by the [Register of Deeds] commences the period. Rather, only MCL 600.3240 delineates the commencement for the period and states that it runs from "the date of the sale." MCL 600.3240 is the specific statute and controls over the general procedure delineated in MCL 600.3232. The caselaw cited by plaintiff does not warrant a disposition contrary to the plain language of the statutes. [*Kessler*, ___ Mich App at ___; slip op at 9.]

In *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 662-666; 939 NW2d 454 (2019), this Court clarified that the Legislature intended in both judicial foreclosures and foreclosures by advertisement that mortgagors have a set period of time to redeem the property and failure to do so results in the extinguishment of the mortgagor's rights in and to the property. This Court explained:

> This Court has not had occasion to determine whether a mortgagor's failure to redeem a property within the time limit provided by MCL 600.3140(1) results in the extinguishment of all the mortgagor's rights in and to the foreclosed property.
>
> However, in *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014), this Court held that with regard to a foreclosure by advertisement, a mortgagor's failure to avail itself of the right of redemption provided in MCL 600.3236 extinguishes all the mortgagor's rights in and to the property. In *Bryan*, the defendant argued that the plaintiff lacked standing to bring an action challenging a foreclosure by advertisement because the redemption period

---

When analyzing MCL 600.3232 and MCL 600.2340, a prior panel of this Court applied *in pari materia*, to conclude that the redemption period could be extended by MCL 600.3232. See *WW Mich Props v Repokis*, unpublished per curiam opinion of the Court of Appeals, issued September 23, 2014 (Docket No. 316555). Unpublished decisions are not binding precedent. MCR 7.215(C)(1); *Menard Inc v Dep't of Treasury*, 302 Mich App 467, 470 n 4, 838 N.W.2d 736 (2013). We do not find the *WW Mich Props* decision to be persuasive and decline to adopt it as our own. **Rather, the decision is contrary to the plain language of the statutes and the specific provisions of MCL 600.3240(11) and (12).** [*Kessler*, slip op at 6 n 3 (emphasis added).]

in MCL 600.3240 had expired without plaintiff attempting to redeem the property. *Id*. This Court agreed, reasoning:

> Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942).
>
> We have reached this conclusion in a number of unpublished cases and, while unpublished cases are not precedentially binding, MCR 7.215(C)(1), we find the analysis and reasoning in each of the following cases to be compelling. Accordingly, we adopt their reasoning as our own. See *Overton v Mtg Electronic Registration Sys,* unpublished opinion per curiam of the Court of Appeals, issued May 28, 2009 (Docket No. 284950), p. 2 ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity. Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.") (citation and quotation marks omitted); *Hardwick v HSBC Bank USA*, unpublished opinion per curiam of the Court of Appeals, issued July 23, 2013 (Docket No. 310191), p. 2 ("Plaintiffs lost all interest in the subject property when the redemption period expired. . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished."); *BAC Home Loans Servicing, LP v Lundin*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 2013 (Docket No. 309048), p. 4 ("[O]nce the redemption period expired, [plaintiff's] rights in and to the property were extinguished. . . . Because [plaintiff] had no interest in the subject matter of the controversy [by virtue of MCL 600.3236], he lacked standing to assert his claims challenging the foreclosure sale."); *Awad v Gen. Motors Acceptance Corp*, unpublished opinion per curiam of the Court of Appeals, issued April 24, 2012 (Docket No. 302692), pp. 5-6 ("Although she filed suit before expiration of the redemption period, [plaintiff]

made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Upon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing."). We hold that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim. [[*Bryan*, 304 Mich App] at 713-715.]

On appeal, Packard Square asserts that, although *Bryan* expressly states that a mortgagor's failure to redeem the property within the redemption period results in the extinguishment of all the mortgagor's rights in and to the property, *Bryan* only addresses foreclosures by advertisement, whereas the foreclosure in this case is a judicial foreclosure. The distinction, however, is irrelevant under the circumstances. MCL 600.3240 sets forth the redemption period available to a mortgagor when a foreclosure by advertisement is conducted. MCL 600.3140(1) sets forth the redemption period available to a mortgagor when a judicial foreclosure is conducted. Significantly, both statutes allow a mortgagor to "redeem" the property by paying a requisite amount within the prescribed time limit. MCL 600.3240; MCL 600.3140(1). Furthermore, both statutes expressly address the consequences of a mortgagor's failure to redeem within the redemption period. With regard to foreclosures by advertisement, MCL 600.3236 provides, in relevant part, that "[u]nless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." And with regard to a judicial foreclosure, MCL 600.3130(1) provides, in relevant part, that "[u]nless the premises or any parcel of them are redeemed within the time limited for redemption the deed shall become operative as to all parcels not redeemed, and shall vest in the grantee named in the deed, his heirs, or assigns all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage or at any time thereafter." Comparing the statutory language in MCL 600.3130(1) with the language in MCL 600.3236, it is plain that the Legislature intended that, in both circumstances, a mortgagor would have a set period of time to redeem the property and that the failure to do so would result in the extinguishment of the mortgagor's rights in and to the property. See *Cadle Co v Kentwood*, 285 Mich App 240, 249; 776 NW2d 145 (2009) (stating that identical language used in various provisions of the same act should be construed identically). Accordingly, we conclude that under MCL 600.3130(1), if a mortgagor fails to avail itself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. See *Bryan*, 304 Mich App at 713; *Piotrowski*, 302 Mich at 187.

Applying the principles articulated and clarified in *Kessler* and *Can IV*, we conclude that plaintiff failed to timely redeem the property in this case. MCL 559.208(2) provides a six-month redemption period "from the date of sale." The sale in this case occurred on October 5, 2021. The statutory six-month redemption period, therefore, expired on April 5, 2022. McMorris attempted

-10-

to redeem on May 27, 2022. McMorris, therefore, failed to timely redeem the property within the statutory six-month redemption period.

The date of tender of the purported redemption check in this case, regardless of whether in the correct amount or by a proper person with an interest in the property, occurred after the statutory redemption period expired. Accordingly, the sheriff's deed ripened into full title in defendant and defendant thereafter held all right, title, and interest in the property. Plaintiff's failure to redeem within the statutory redemption period resulted in the extinguishment of all of plaintiff's rights in and to the property. The trial court, therefore, erred by denying defendant summary disposition and by granting plaintiff partial summary disposition. The trial court incorrectly believed that the redemption period commenced upon recording of the sheriff's deed contrary to the plain language of MCL 559.208(2) which provides that the redemption period is six months "from the date of sale." Accordingly, the trial court reversibly erred.

Plaintiff argues that the trial court's rulings should be affirmed because the court exercised equitable power and found that defendant had a duty to tell plaintiff the correct amount so that it could redeem the property. Plaintiff's position is unpersuasive. First, the record does not indicate that plaintiff ever asked defendant for a payoff amount. Second, the record indicates that plaintiff never tendered the redemption amount or any check in any amount before the expiration of the statutory redemption period. Although the record indicates that McMorris contacted defendant and went to its office before McMorris went there to tender her personal check, there is no evidence that she attempted to redeem the property before the date on which she submitted her personal check to defendant at defendant's office on May 27, 2022, 52 days after the statutory redemption period expired on April 5, 2022. Third, when McMorris attempted to redeem, she submitted a check in the incorrect amount. The record indicates that plaintiff unilaterally decided that it need not pay interest to defendant to redeem the property, contrary to the sheriff's deed, which stated the redemption amount plus applicable interest rate, and specified that the sheriff's deed would become operative six months from the date of sale.

Regarding plaintiff's argument that the trial court's decisions can be affirmed because the court exercised equitable powers, trial courts are not at liberty to disregard statutory provisions. Trial courts must strictly comply with foreclosure statutes. *Detroit City Serv Co*, 262 Mich at 47. In *Senters v Ottawa Savings Bank*, 443 Mich 45, 56; 503 NW2d 639 (1993), our Supreme Court held, "[w]here, as in the present case, a statute is applicable to the circumstances and dictates the requirements for relief by one party, equity will not interfere." The trial court could only provide equitable relief in cases of fraud, accident, or mistake. *Detroit Trust Co*, 262 Mich at 364. Statutory redemption "can neither be enlarged nor abridged by the courts." *Gordon Grossman Bldg Co*, 382 Mich at 603. This Court has previously held that Michigan law does not allow an equitable extension of the statutory redemption period in the absence of fraud or irregularity. *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969), citing *Heimerdinger v Heimerdinger*, 299 Mich 149; 299 NW 844 (1941).

In this case, plaintiff neither alleged nor proved any fraud, accident, or mistake. No evidence in the record establishes any ground for the trial court's action of permitting plaintiff an opportunity to tender the correct amount to redeem the property after the redemption period expired. Nothing in this case warranted tampering with the statutory redemption period

requirement. *Freeman v Wozniak*, 241 Mich App 633, 637; 617 NW2d 46 (2000); *Senters*, 443 Mich at 50-51.

Plaintiff essentially argues that defendant had a duty to tell plaintiff the amount required to redeem and breached such duty by not telling McMorris that her check stated the incorrect amount. Plaintiff, however, presented no evidence to the trial court that she requested a payoff amount from defendant or that defendant failed to provide her such. Under such circumstance, defendant had no duty to state to McMorris that her check failed to suffice, nor did defendant have a duty to accept her check for redemption of the property. Moreover, the sheriff's deed, affidavit of deputy sheriff, and certificate of redemption period provided plaintiff the requisite information regarding the redemption period and to accurately calculate the redemption amount. Further, of fundamental importance in this case, given plaintiff's failure to attempt to redeem during the statutory redemption period, plaintiff's mistake regarding the redemption amount is irrelevant. Once the statutory redemption period elapsed six months from the date of the sheriff's sale, all right, title, and interest in the property vested in defendant. There being no fraud, accident, or mistake alleged or proved, equitable relief was never warranted. The trial court, therefore, erred by deviating from the statutory framework and expanding the redemption period, by denying defendant's motion for summary disposition, by granting plaintiff partial summary disposition and permitting plaintiff to pay defendant the per diem interest. Accordingly, we reverse the trial court and remand for entry of judgment in favor of defendant and dismissal of plaintiff's case.

The trial court erred by denying defendant summary disposition and granting in part plaintiff summary disposition because the court failed to properly interpret and apply MCL 559.208(2) which provides that the redemption period in a condominium foreclosure lasts for six months "from the date of sale" and record evidence established that plaintiff failed to timely redeem the property. The trial court erred by giving plaintiff opportunity after the expiration of the redemption period to tender the redemption amount. The record in this case did not establish any grounds for equitably extending the statutory redemption period. Because plaintiff failed to properly redeem the property during the statutory redemption period, all right, title, and interest in the property vested in defendant and plaintiff's claims failed as a matter of law.

Reversed and remanded to the trial court for entry of judgment in favor of defendant and dismissal of plaintiff's claims with prejudice.

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick

-12-